W. J. SLOAN, Appellant, v. THE CITY OF CEDAR RAPIDS, et al.,
Appellee.

**Municipal Corporations:** WATER RATES: REASONABLENESS. The fact
1 that water rates fixed by an ordinance to govern the charges of a
water company were held to be reasonable, did not necessarily make
the rates reasonable for the city, after it had acquired the plant;
and the adoption of rates previously in effect did not make the
rate the same as that provided in an ordinance which did not become
operative because of an injunction obtained by the company, pend-
ing the determination of the validity of the ordinance, even though
it was afterward held valid.

**Same.** The rights of a city operating water works are broader than
2 those of a private corporation. The city is authorized to charge
such rates as will, with the taxes, provide for extensions; while a
private corporation cannot include in its charges an amount suffi-
cient for that purpose, thus realizing more than a reasonable return.
The municipality, however, cannot misuse the taxing power by the
indirect method of charging exorbitant rates.

**Same:** CITY WATER WORKS: COLLECTION OF CHARGES: POWER OF TRUS-
3 TEES. A consumer of city water, charging that the trustees of the
city water works were illegally appointed, cannot complain that the
trustees had wrongfully and without authority made collections,
where the same were turned over to the city and the funds were
properly applied. .

**Same:** COMMISSION FORM OF GOVERNMENT: WATER WORKS TRUSTEES.
4 Under the statute authorizing the adoption of the commission form
of government, all general and inherent powers of the old council
are vested in the new organization; and the council having the
power previously to appoint water works trustees a similar power is
vested in the new council, although such officers were not specifically
named in the statute.

**Same:** APPOINTMENT OF TRUSTEES: PRESUMPTION AS TO LEGALITY.
5 Where the statute authorized a city council to manage the city
water works, or to appoint trustees for that purpose, it will be pre-
sumed that the council acted in conformity with law, and made the
appointment of trustees after the enactment of an ordinance creat-
ing such offices.

Same: REASONABLE REGULATIONS: NON-PAYMENT OF RATES: INJUNC-
TION. The denial to a consumer of further water service, after his refusal to pay for that already furnished at a rate the city was authorized to fix, was the enforcement of a reasonable regulation; and such consumer could not enjoin the city from collecting such rates or from shutting off his service.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

SATURDAY, SEPTEMBER 20, 1913.

PROCEEDING to enjoin the collection of water rates, the shutting off of service, and to recover alleged excess in payments for city water.—*Affirmed.*

*J. C. Leonard,* for appellant.

*Wm. Chamberlain, Don Barnes,* and *F. Luberger,* City Solicitor, for appellees.

WITHROW, J.—I. Plaintiff, the appellant, is the owner of property in Cedar Rapids which is used for residence purposes and is supplied with water by the city, which owns and operates the waterworks system of that city. The city became the owner of the plant July 1, 1903. Prior to that date plaintiff had been served by the predecessor in ownership of the city, having furnished his own meter, as did many other patrons, and was charged a rate of 25 cents per thousand gallons, with a minimum monthly charge of 25 cents. In June, 1900, the city of Cedar Rapids, by its council, adopted ordinance No. 527, the purpose of which was to fix the rates which the Cedar Rapids Company should be permitted to charge consumers. That rate, so far as it affected property used as was appellant's, was fixed at 15 cents per thousand gallons. The Cedar Rapids Water Company instituted proceedings to test the validity of the ordinance on the ground that it fixed a rate which was unreasonable and not compensatory. Pend-

ing the litigation a temporary injunction was granted restraining the city from operating under or relying upon the rate ordinance. After trial in the district court and on appeal, this court held in 118 Iowa, 234-264, decided October 27, 1902, that the rates fixed under the ordinance were not shown to be unreasonable. The Cedar Rapids Water Company attempted to carry the litigation to the Supreme Court of the United States, but that court refused to consider the case for want of jurisdiction; such action having been taken October 23, 1905. After the decision of this court, but before the order dismissing the appeal to the Supreme Court of the United States, the city purchased the waterworks. After acquiring ownership, the city operated the system by means of three trustees appointed by the city council, as it had the right to do under sections 747a and 748, Code Supplement.

On July 1, 1903, a resolution was passed providing that the rates in effect under the Cedar Rapids Water Company at the time of the transfer of ownership to the city should be continued until further action. A schedule of the rates so adopted, as shown by the abstract, fixed the rate for such use as was enjoyed by plaintiff at 25 cents per thousand gallons. This rate was charged to and paid by appellant up to a time shortly preceding the commencement of this action, when by the adoption of a new schedule the city increased materially the minimum monthly charge for the use of 1,000 gallons or less. This action, so far as it related to his personal bills, was resisted by appellant, and payment of rendered accounts was refused with the statement that he was willing to and would pay at the rate of 25 cents per thousand gallons. There also were some differences between the parties as to changing meters, which we do not regard as material to the case presented here. Upon appellant's refusal to pay the accounts rendered under the new schedule, with a refusal by the city to accept the tendered rate, appellant brought this action to enjoin the city from shutting off his water supply, averring a

threat to so do, and also that he was willing to pay the amount fixed by the ordinance of the city.

By amendment to his petition appellant sought recovery of the amount paid by him in excess of the rate of 15 cents per thousand gallons, as fixed in the ordinance regulating the charges permitted to be made by the Cedar Rapids Water Company. Appellant also prayed for the removal of the waterworks trustees upon the grounds that in December, 1907, the city of Cedar Rapids adopted the commission form of government; and that under the law governing such cities there is no power to appoint such trustees, the sole power of control being in the commissioners, and that such could not be delegated; "and that all their acts under the alleged appointment were without legal force, and that such trustees are usurpers." Upon hearing, the trial court dismissed plaintiff's petition, and he appeals.

II. Appellant's right to recover the alleged excess in payments is based upon the claim that, the rate fixed by the ordinance of June 8, 1900, having been determined by this court

1. MUNICIPAL CORPORATIONS: water rates: reasonableness.

to be not unreasonable or confiscatory, it therefore was held to be reasonable and compensatory, and the city upon becoming the owner had not the right to charge in excess of the rate then fixed. We cannot admit this claim. The fact that the city by resolution adopted after the purchase of the plant provided that the rates should be the same as had been in effect with the Cedar Rapids Water Company did not fix the fifteen-cent rate. That schedule had not been in force because of the temporary injunction, and charges to consumers, named in the resolution as existing rates, when taken in connection with the published rate card had reference only to the rate subsequently charged to and paid by appellant.

Upon becoming the owner of the waterworks system the city was empowered by statute to charge and collect such

rates as would, in connection with a general levy for water purposes, and a sinking fund levy, not only be sufficient to provide for the maintenance and operation of the works, but also to provide for the proper and necessary extensions thereof.  Code, section 749.  It is evident that the right of the city in this respect is broader than would be that of a private corporation operating a system for pecuniary profit, when related to the question of just and compensatory rates.  In other words, a private corporation could not, in determining upon such rates, include an amount sufficient to make extensions, if such were beyond a reasonable return on the investment, for this would be but another way of increasing the capitalization.

2. SAME.

The powers granted a city council or to commissioners under the changed form of municipal government are necessarily broader, not, however, to the extent of permitting gross misuse of the taxing power by the indirect method of water rates, but to meet such conditions as must necessarily arise where the taxpayers themselves are the owners of the property which supplies them.  We do not at this time attempt to determine the full limit of such powers, but only that there is such a difference between the rights and powers of a private corporation rendering a public service and a municipal corporation performing the same office that a rule of rates permissible to the one would not necessarily apply to the other.  Assuming the fifteen-cent rate to have not been unreasonable as to the Cedar Rapids Water Company, it does not follow that the twenty-five-cent rate which was paid by appellant for many years to the city under the schedule fixed by it was unreasonable, nor that the new schedule adopted in 1910 would under the new condition be unreasonable.  We therefore rest our decision as to plaintiff's right to recover upon the proposition stated above; that it is not shown that the rates which have been charged by the city, or which are intended to be charged by it, are unreasonable.

III. Question is raised as to the right of the trustees

to fix or collect rates under the commission form of govern-
ment adopted by the defendant. The rates heretofore charged
were fixed by the trustees, when they admit-
tedly had the right to so do, and were
continued after the change in form of govern-
ment up to December, 1910. After the
change in 1907, trustees were named by the new council, their
appointment having been made November 3, 1909. They took
up the work of their predecessors, approved the old rates, and
in 1910 fixed the new schedule. One of the complaints made
against the trustees, aside from a demand for recovery of the
salaries received by them, which in a case like the present is
novel but not convincing, is that they have collected the water
rates without power to so do in that they were not lawfully
appointed. Inasmuch as the record shows without dispute
that all funds collected from such sources have passed under
the control of the city treasurer and have been applied to
proper uses, there is no ground upon which appellant can
properly base the complaint of wrongful collections.

3. SAME: city water works: collection of charges: power of trustees.

IV. The challenge of the authority of the trustees goes
also to their right to make the rates which it is
claimed became effective in December, 1910,
and following that, if they have not the power
to so do, whether appellant is entitled to a
permanent injunction restraining the city from shutting off
appellant's connection for refusal to pay the rate so fixed.

4. SAME: commission form of government: water works trustees.

The original appointment of waterworks trustees by the
city council was authorized by Code Supp. section 747-a.
When the city of Cedar Rapids adopted the commission form
of government, all general and inherent powers of the old
council were vested in the new organization. Code Supp.
1056-a—25. While the statute as it then stood did not, with
the officers specifically named, include waterworks trustees as
among the officers whose powers were thus transferred, nor in
express terms authorize the appointment of such officers by
the new council, it nevertheless would follow, as a matter of

general right and power, that such control, including the employment of the necessary agencies for proper management of the property, would rest in the new council.

Were this right and power of the city council in doubt, and it would not be unless Code Supp. section 747-a, was repealed by implication,—and such can only be recognized from necessity,—that doubt was removed by section 7, chapter 64, 33d General Assembly, which expressly provided that the city council should take over the power of waterworks trustees; such property to be under the direct supervision of one of the departments of its city government, and also authorized the appointment of trustees to manage the plant. This act in terms applied to all cases where waterworks plants "may now or hereafter be" owned by the city. The appointment under which the present trustees are now acting was made by the city council after the passage of the act just quoted. We have no right to presume that which it was appellant's duty to show and as to which the record is silent. We therefore must assume that the council acted within the law and made the appointment of trustees after an ordinance had been enacted as required by statutes, providing for such offices. Having been lawfully appointed, the trustees, in the exercise of the powers conferred upon them, fixed the rates which went into effect in December, 1910; and, it not having been shown that they are unjust or unreasonable, appellant as a consumer is liable for the same.

5. SAME: appointment of trustees: presumption as to legality.

V. It is a reasonable regulation that a consumer may be denied further service upon a refusal to pay for water furnished under the fixed rates. The appellant admitting his refusal to pay the account due for water previously supplied to him, and it now being determined that the rate attempted to be collected was, under the present record, one which the city through the trustees had the right to estab-

6. SAME: reasonable regulations: non-payment of rates: injunction.

lish, it follows 'that appellants' prayer for an injunction should be denied.

The decision of the trial court is *Affirmed*.

WEAVER, C. J., and LADD, DEEMER, GAYNOR, and PRESTON, JJ., concur. EVANS, J., taking no part.