# CHARLESTON

## ELK HOTEL CO. v. UNITED FUEL GAS CO.

Submitted November 17, 1914.   Decided December 8. 1914.

1. GAS—*Public Service Corporation—Power to Classify Patrons.*

As a public service corporation, a gas company may lawfully classify its patrons, and charge different rates for each character of service, provided the classification is not unjust and the rate does not give an undue or unreasonable preference or advantage to or make an unfair discrimination among its patrons and consumers under the same or substantially similar circumstances and conditions.   (p. 203).

2. SAME—*Public Service Corporation—Inequality of Charges—"Undue or Unreasonable Advantage or Preference."*

An undue or unreasonable advantage or preference by a public service corporation results only from allowing to one person what it denies to another under substantially the same circumstances and conditions.   And any fact which produces a substantial inequality of condition or change of circumstances justifies a reasonably commensurate inequality of charges.   (p. 204).

3. SAME—*Gas Company—Discharges—Discrimination.*

When not operating to the manifest advantage of a consumer under one class, or to the like prejudice of a consumer of another class, a reasonable diversity in rates, based on a substantial difference in equipment for consumption of natural gas as a fuel for heating hotels, is not unreasonably discriminatory, the same rate and service being offered alike to all consumers similarly situated and provided with the same character of equipment.   (p. 205).

4. SAME—*Gas Company—Diversity in Rates.*

A substantial dissimilarity in equipment for consumption of natural gas as fuel for heating hotels warrants a reasonable diversity in rates, the same rate being offered alike to all hotels similarly equipped.   (p. 105).

5. SAME—*Gas Company—Diversity in Rates—Injunction—Bill.*

A bill alleging as basis for relief diverse and discriminatory rates for service rendered under like or similar circumstances and conditions by a corporation engaged under municipal authority in supplying natural gas as fuel to the residents of the city, when submitted on final hearing together with an answer, is properly dismissed where the answer specifically denies the several grounds for relief, no replication thereto being tendered, and shows the service was rendered under circumstances and conditions so substantially variant

75 W. Va.

and dissimilar as to warrant the diversity in rates complained of. (p. 206).

Appeal from Circuit Court, Kanawha County.

Suit by the Elk Hotel Company against the United Fuel Gas Company. From decree for defendant, plaintiff appeals.

*Affirmed.*

*A. M. Belcher,* for appellant.

*R. G. Altizer, Chas. Powell, Kemble White,* and *Chilton, McCorkle & Chilton,* for appellee.

Lynch, Judge:

The plaintiff, Elk Hotel Company, a corporation, owns a building and in it conducts a hotel in the city of Charleston. The United Fuel Gas Company is a corporation supplying natural gas for fuel for heat and light to the inhabitants of the city, under a franchise granted by the municipality. It offered gas to domestic consumers at the rate of twenty two cents for each thousand cubic feet consumed, with a reduction of two cents per thousand cubic feet for prompt monthly payments. To manufactories it offered a reduced rate, graduated according to the quantity consumed, provided the monthly consumption was not less than one hundred thousand cubic feet, with a deduction of one cent per thousand cubic feet for prompt payment. The first rate is one charged to residents of the city whose dwellings are fitted with grates or stoves for heating purposes, and denominated the rate to domestic consumers or the domestic rate, the rate to manufactories being known as the manufacturing rate; service to the first class, domestic consumers, being defendant's chief incentive or inducement for acceptance of the franchise so granted and the installation of its gas system in the city of Charleston. To all hotels, including plaintiff's, equipped with open fires and stoves, it furnished gas at the rate charged domestic consumers; and, while so served and charged, none of them complained, and, so far as disclosed, they do not now complain when, for reasons hereafter stated, they are required to accept and pay for gas at the same rate.

Having a supply of gas in excess of the quantity required for domestic consumption, especially during the summer months, defendant offered to supply the surplus· at the rate charged to manufactories located in or near the city, for consumption under boilers for the generation of steam, and included in its offer the several hotels of the city, among them the plaintiff's, provided they installed boilers in their buildings for heating by steam or by hot water instead of open fires and grates, upon the condition, expressed in the contracts therefor, that when so equipped defendant would install two meters, one to measure the gas consumed under the boilers for heating purposes and charged for at the manufacturing rate, the other to measure the gas consumed for all other purposes and charged for at the domestic rate, reserving in all contracts for gas supplied at the reduced rate the right to discontinue the service at such rate whenever defendant should deem the surplus necessary for its consumers, including hotels, served at the domestic rate. While other hotels equipped their buildings with boilers as required by defendant and accepted the limitation as to the continuity of service, plaintiff declined to make any such changes or agree to the conditions imposed. the former solely because of the additional expense incident to the installation of a boiler and changes in plumbing necessary for such service; so that thereafter defendant continued to supply gas to it at the rate charged domestic consumers.

. Being in arrears for bills then two months overdue, and making no tender thereof defendant demanded payment, plaintiff, upon a bill for the purpose, obtained from the circuit court of Kanawha county·an injunction restraining defendant from shutting off the gas supply to its building, as it had threatened to do unless such bills were promptly paid. But, upon the defendant's motion, accompanied by its answer duly filed, denying plaintiff's right to relief upon the facts stated in the bill, to which answer plaintiff did not tender or file any replication, the court—hearing the case, by agreement or acquiescence of counsel, upon bill, answer and motion—dissolved the injunction and dismissed the bill. From the decree so entered plaintiff has appealed.

Under the pleadings and the circumstances and conditions of the case, the only material inquiry is whether the classification of consumers made by defendant, the requirement as to uniformity in hotel equipment, and the diversity of rates charged, are unjust because discriminatory against plaintiff or unduly preferential to its competitors. Specifically stated, our inquiry is limited to the question whether defendant's division of hotels into two classes, those having one character of equipment and willing to enter into contracts subject to interruption or discontinuance whenever deemed necessary by the gas company for the benefit of its domestic consumers, and those not so equipped and unwilling to enter into such contracts, the rate charged each class being different, is an unjust discrimination in favor of one and against the other class of consumers.

That a public service corporation may classify those whom it serves, and fix different rates for each character of service, is elementary; or, as stated by 2 Wyman on Pub. Serv. Corp. §1232, "from the very nature of the case classification goes far back into the law of public service", the only legal inhibition being that it must not give an undue or unreasonable preference or advantage to or make an unfair discrimination among its consumers or patrons where the conditions are alike and the circumstances similar. *Mercury* v. *Power Co.*, 19 Pa. Super. Ct. 519. Though not applicable or controlling, because enacted subsequent to the institution of this suit, and not being expressly or impliedly retroactive, chapter 9, acts 1913, does not deny the right and power of such corporations to make just and equal classification of its patrons and fix different compensatory rates for services rendered to each of them, so long as the classification and the rates are not unreasonable or discriminatory. . 36 Cyc. 1205; *Barker* v. *Hinton,* 62 W. Va. 639; *Gas Co.* v. *Commission,* 80 S. E. 940.

No authority is cited, and none found upon this investigation, which specifically notes the distinction involved here. But the decisions are uniformly to the effect that to constitute an unjust discrimination, either under the federal act to regulate commerce or at common law, the charge must be for like and contemporaneous service "under substantially sim-

ilar circumstances and conditions". *Commission* v. *Railroad Co.*, 145 U. S. 699. There the court held party tickets issued at a lower rate did not unjustly discriminate against the purchaser of an individual ticket at the regular rate, the difference being one cent a mile for the distance traveled. Mr. Justice Brown quoted with approval from the opinion of the lower court, saying: "In respect to passenger traffic the positions of the respective persons or classes between whom differences in charges are made must be compared with each other, and there must be found to exist substantial identity of situation and of service, accompanied by inequality or partiality resulting in undue advantage to one or undue disadvantage to the other, in order to constitute unjust discrimination"; and, further, that railroad companies are, "under the act, only bound to give the same terms to all persons alike under the same circumstances and conditions." The mere circumstance that advantage denied to one person enures to the benefit of another does not of itself show an undue preference to the latter. *Commission* v. *Railroad*, 5 Int. Com. Rep. 671.

An undue or unreasonable advantage or preference by a public service corporation results only from allowing to one person what it denies to another under substantially the same circumstances and conditions. 3 Moore on Carriers 1795; *Telegraph Co.* v. *Publishing Co.*, 44 Neb. 326. Only unreasonable and unjust discriminations are unlawful. Or, differently stated, it is only when the discrimination enures to the undue advantage of one person, in consequence of some injustice inflicted upon another, that the law intervenes for the latter's protection. *Hayes* v. *Railroad Co.*, 12 Fed. 309; *Hozier* v. *Railroad Co.*, 1 Nev. & McW. 27. Whether particular rates are unreasonable, or the conditions and circumstances substantially similar or dissimilar, are questions of fact to be resolved upon a consideration of the proofs in each case, the burden always being on the complaining party. *Railroad Co.* v. *Commission*, 162 U. S. 184, 197. And any fact which produces an inequality of conditions and a change of circumstances justifies an inequality of charge. *Commis-*

75 W. Va.

*sion* v. *Railroad Co.,* 145 U. S. 283; *Telegraph Co.* v. *Publishing Co., supra.*

Involved and upheld in the case last cited was a difference of rates between day and night service by a telegraph company to newspapers published in the city of Lincoln, a higher rate being charged for night than for day service. So a rate for a yearly service less than one by the month was upheld and enforced in *Light Co.* v. *Electric Co.,* 37 Pa Super. Ct. 79, the lower rate being offered alike to all consumers who were willing to contract therefor, including the complainant, who failed and refused to accept the offer. Likewise, "a gas company may make a lower rate for fuel gas upon the basis that the service may be cut off when extraordinary conditions make it necessary to devote the supply to illumination"—here, as observed, when necessary to devote it to the use and convenience of domestic consumers; an electric company may make a lower rate for current supplied for power in the day-time, its dynamos not being then operated to full capacity, than for illumination at night; a telegraph company may fix a lower rate for night than for day service, because of slower transmission and the difference in expense; and, for the same reason, a telephone company may prescribe a lower rate for ordinary installation than for a metallic circuit and long distance equipment. 2 Wyman on Pub. Serv. Corp. §1240.

No invariable rule or exact standard for determining what transactions are unlawful because discriminatory or preferential has been, and from the very nature of the case can be, definitely prescribed. For where there is an adequate reason for reduced rates, as where the circumstances and conditions under which the difference in rates charged are dissimilar, there is no unjust discrimination. *Root* v. *Railway Co.,* 114 N. Y. 330, affords an illustration. In that case the court held not unlawful a rebate allowed a shipper, under a contract whereby he agreed to and did furnish the facilities for loading his own shipments, being coal in large quantities. So, where there is an adequate consideration for reduction in rates, no unjust discrimination exists. *Commission* v. *Railroad,* 145 U. S. 281; *Commission* v. *Railroad,* 52 Fed. 187.

A classification of freights can not be deemed illegal except where it operates or is intended as a cover for an unjust discrimination. *Warner* v. *Railroad Co.*, 3 Int. Com. Rep. 74, 4 *Id.* 432; *Board of Trade* v. *Railroad*, 3 Int. Com. Rep. 417, 447; *Cox* v. *Railroad*, 4 Int. Com. Rep. 460, 535; *Brownell* v. *Railroad Co.*, 4 Int. Com. Rep. 285; 5 *Id.* 638.

While the cases cited, in the main, construe the act to regulate commerce, the principles announced are by analogy applicable here. They fix and determine the principles which control public service corporations—principles which were recognized and enforced at common law, and therefore antedate any congressional or state enactments on the subject.

The record fully shows defendant's intention to treat alike all hotels similarly equipped for the consumption of its commodity. Nothing appears or is pointed out to the contrary. They were offered the same rate upon the same terms and conditions, and except plaintiff all of them complied with the conditions prescribed, entered into the conditional contracts, secured and paid for gas at the rate fixed for consumption under boilers. And when under the contract terms service to them in that manner has been, or may have been, discontinued, they, so far disclosed, accepted from defendant gas and paid therefor at the rate charged domestic consumers. These offers and conditions plaintiff declined to accept, used without boilers gas furnished by defendant, and brought this suit in effect to compel it to continue to furnish gas for consumption in the manner allowed domestic consumers but at a rate charged to hotels consuming gas under different conditions, basing its claim for relief upon the ground that the rates allowed rival hotels were preferential and therefore discriminatory. In view of the authorities cited, we deem this position manifestly untenable. The difference in circumstances and conditions justified the difference in rates. Obviously, defendant's classification and rates were not unreasonable or unjust. They did not afford undue or unfair advantage to one class, undue or unfair disadvantage to the other. Both classes had the same opportunity, the same privilege; one accepted, the other refused, the offer of service under substantially the same circumstances and conditions.

Neither received favors not accorded to the other.   Nor do we think the requirements as a prerequisite for the same service unfair, unreasonable or unjust.

Being of this opinion, we affirm the decree, with costs to defendant.

*Affirmed.*