### COCK et al. v. MARSHALL GAS CO.
### (No. 2320.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1920.)

1. Gas ⟨⟩13(6)—Evidence held to show reserved right to shut off supply to industrial consumers not placed on others.

In an action to recover from a gas company for discrimination as to rates, facts held to support a contention that industrial consumers were subjected to a contract restriction permitting the shutting off of gas in event of law pressure, not placed upon domestic consumers.

2. Gas ⟨⟩14(1) — Plaintiff alleging unlawful discrimination has burden of proof.

In an action against a gas company for unlawful discrimination in rates, it devolves upon plaintiffs to produce affirmative proof to support their averments, and they must show a difference in rate, that the conditions under which gas was supplied were substantially the same, or such as to present no good reason for the rate difference.

3. Gas ⟨⟩14(1)—Proof of unlawful discrimination insufficient for recovery in absence of proof of overcharge.

In an action against a gas company, unlawful discrimination, even if proved, would not justify a judgment for damages for plaintiff in the absence of allegation and proof of an overcharge.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by W. T. Cock and another against the Marshall Gas Company. Judgment for defendant and plaintiffs appeal. Affirmed.

See, also, 224 S. W. 527.

Jones, Sexton, Casey & Jones, of Marshall, for appellants.

Davidson & Blalock, of Marshall, for appellee.

HODGES, J. In December, 1916, the appellants filed this suit against the Marshall Gas Company for the recovery of the sum of $1,500. It is alleged in their original petition that the appellee is engaged in furnishing natural gas to the domestic and industrial consumers in the city of Marshall, Tex.; that it has been operating under the terms of a franchise which prohibits any discrimination between consumers in the prices charged for gas; that in disregard of that regulation, and of the statute of the state of Texas, appellee has discriminated against the appellants in the prices charged, and the sum sued for represents the excess appellants have paid since January 1, 1912. The defendant pleaded a general denial and also the statute of limitation of two years as to all that portion sued for which accrued more than two years before the institution of the suit. This appeal is from a judgment based upon a peremptory instruction directing a verdict for the defendant.

Only two assignments of error have been presented. These, in substance, assert that the evidence was sufficient to support a finding that the appellant had been discriminated against in fixing the rates to be paid by the consumers of gas and in the sums collected therefor.

There seems to be no dispute about the ma-

terial facts offered in evidence. These show that prior to the beginning of the year 1912 the appellee acquired a franchise to furnish to the citizens of Marshall natural gas which was piped from a field some miles distant. The ordinance of the city of Marshall provided, among other things, the following:

"Sec. 2. Under the authority hereby granted the said grantees shall furnish natural gas to said city and its inhabitants at a rate which shall not exceed fifty cents cents for each one thousand cubic feet of commercial gas. The minimum monthly bill for gas used through each meter shall be one dollar."

"Sec. 9. This ordinance shall be in full force and effect from and after its passage, subject to the conditions in section 8, and shall remain in force for thirty years thereafter. It shall be and is hereby made the duty of this grantee and its successors and assigns whilst operating hereunder in Marshall, Tex., to refrain from discrimination against any person or corporation within said city; and it is further hereby made the duty of this grantee and its successors and assigns to supply, whilst operating under this franchise, gas to every person and corporation within a reasonable time after demand upon equal and exact terms for the same class of service."

From January 1, 1912, to July 1, 1916, the appellants were engaged in operating in the city of Marshall a small plant for the manufacture and sale of ice and "for cold storage for hire." They used in their plant an internal combustion engine which consumed natural gas furnished by the appellee. They were charged what was known as the "domestic rate," 31½ cents per thousand cubic feet, for the gas used, if they used 50 thousand cubic feet or less per month; 29¾ cents per thousand cubic feet if they used 100 thousand cubic feet per month; and 28 cents per thousand cubic feet if they used more than 100 thousand cubic feet per month. During the same period of time, and for some years prior thereto, the Arkansas-Texas Consolidated Ice & Coal Company, a corporation later known as the Marshall Electric Company, was doing business in the same city. The rate charged this company prior to July 1, 1915, was 10 cents per thousand cubic feet without reference to the amount consumed. This appears to have resulted from a contract made between that corporation and the appellee's predecessor before the gas mains were laid in the city of Marshall. After July 1, 1915, the contract with that company was changed to the following rates: 15 cents per thousand for the first 250 thousand cubic feet, 12½ cents per thousand for the next 250 thousand cubic feet, and 10 cents per thousand for all gas used over 500 thousand cubic feet per month. That company used gas both in an internal combustion engine and under boilers for producing steam. It was proven upon the trial that for the two years next preceding the date of this suit the

226 S.W.—30

appellee collected from the appellants the sum of $480.70 in excess of what it would have collected from them if they had been charged the same rate paid by the Arkansas-Texas Consolidated Ice & Coal Company and its successors. It was also proven upon the trial that the appellee fixed only two classes of rates, the domestic and the industrial rate. Where it sold to large industrial consumers, it reserved the right, in case of low pressure or gas shortage, to shut them off on short notice and thus protect the domestic consumers. The plant of the appellants, being in the same class with the domestic consumers, was not subject to that restriction. It was also shown that the pressure of gas varied and could not be controlled by the company supplying it.

Two questions are presented in this appeal: The first is, does the evidence tend to show an unlawful discrimination against the appellants? The second is, if the evidence is sufficient, would that entitle the appellants to a recovery in this suit?

[1, 2] It may be conceded that the appellants paid more per thousand feet for the gas they used than was paid by those designated as "industrial consumers." But that fact alone does not make it a case of unlawful discrimination. The appellee had a right to base its rates upon a classification of its consumers which varied with the differing conditions under which the gas was furnished. It might lawfully not only make a reasonable reduction in favor of large consumers, but also might give them a lower rate in consideration of a stipulation reserving to the gas company the right to suspend the service in the event of a low pressure of gas. A contract with that reservation would certainly be less valuable to the consumer than one without it. Interstate Commerce Commission v. Ry. Co., 145 U. S. 263, 12 Sup. Ct. 844, 36 L. Ed. 699; Elk Hotel Co. v. United Fuel Gas Co., 75 W. Va. 200, 83 S. E. 922, L. R. A. 1917E, 970. Counsel for the appellants insist that the evidence does not support the contention that the industrial consumers were subject to that restriction, but a careful reading of the statement of facts shows that it does. The record contains the testimony of two witnesses both of whom stated that such a contract had been made. No other witness testified to the contrary. The written contract offered in evidence by the appellants to contradict those statements is shown to have expired on July 1, 1914, about five months before the date from which the appellants can claim reimbursement if entitled to any. The only evidence we have as to the character of contract under which gas was supplied to the industrial consumers during the two years next before the filing of this suit is to be found in the testimony of the two witnesses above referred to. Having alleged as unlawful discrimination against

them, it devolved upon the appellants to produce affirmative proof to support their averments. They are not therefore aided by the absence from the record of satisfactory evidence upon that issue. To make out their case they were not only required to show a difference in rates, but that the conditions under which the gas was supplied were substantially the same, or was such as to present no good reason for the difference made in rates. This suit has the substantial elements of an action to recover a penalty. No breach of contract is claimed, nor is it alleged that any injurious tort was committed. The offense complained of is not in charging appellants an exorbitant or an illegal rate for the gas furnished, but in charging other consumers not shown to be competitors of the appellants a lower rate. It is therefore but reasonable in this case to require the strictness of proof usually called for in suits to recover penalties. Gulf, etc., Ry. Co. v. Dwyer, 84 Tex. 194, 19 S. W. 470; Scloss v. Ry. Co., 85 Tex. 602, 22 S. W. 1014.

[3] But suppose it be conceded that the proof was sufficient to suport a finding by the jury that the appellees had been guilty of unlawful discrimination in the manner alleged; it does not follow that the appellants should recover. The suit is founded alone upon discrimination.

It is not alleged that there had been an overcharge, or that the rates were excessive. The proof showed that the rate paid by the appellants was but little more than half of what the appellee under its franchise might have charged. No special damages were alleged or proved. There is what should be regarded as high authority for holding that under such circumstances appellants cannot recover even though they were the victims of an unjustifiable discrimination. Parsons v. Ry. Co., 167 U. S. 447, 17 Sup. Ct. 887, 42 L. Ed. 231; Pa. R. R. Co. v. International Coal Mining Co., 230 U. S. 200, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315. It is true that in the decisions above referred to the courts were considering the federal Interstate Commerce Act, but we think the same principle there announced and applied is equally applicable to this case.

The judgment is affirmed.

