T. H. KNOTTS et al., Appellants, v. H. S. NOLLEN et al., Appellees.

MARCH 13, 1928.

REHEARING DENIED JUNE 26, 1928.

*O. M. Brockett,* for appellants.

*Henry & Henry,* for appellees.

MORLING, J.—The ultimate question is whether the rate or classification given by defendants to apartment houses constitutes an unlawful discrimination against them. Defendants' classification of such buildings for rate purposes is as follows:

"Apartment houses, tenement houses, etc., shall be rated as residences; each suite or set of rooms or apartments occupied separately being rated as one residence."

In addition to service and special charges, defendants have prescribed a sliding meter rate of 30 cents for the first 1,000 gallons per day, 20 cents per 1,000 for the next 4,000 gallons or less per day, and 10 cents per 1,000 for all over 5,000 gallons per day. The benefit of the sliding rate is, in practice, denied to apartment buildings, because of the classification referred to,

but is given to the owners of other large buildings, such as the double building of Younker Brothers department store, large office buildings, and transient and family hotels, to which a meter rate is given, and which are thereby enabled to get their water at wholesale or quantity rates. The contention is that to deny to apartment houses the benefit of the meter rates by classifying each apartment as a separate dwelling is an unreasonable and unlawful discrimination.

Rate-making is a legislative or administrative, not a judicial, function. A rate fixed by the proper administrative authority, while it may be annulled if in violation of legal rights, is not subject to readjustment or correction by the court as a reviewing or supervisory body. When it is found that the rate is not unlawful, the duty and authority of the court cease. *Cedar Rapids Gas Light Co. v. City of Cedar Rapids,* 144 Iowa 426. The presumption is in favor of the rate or regulation, and the court may interfere only in a clear case of violation of legal rights. Idem. The water plant in controversy is municipally owned, and is operated by the defendants as the board of waterworks trustees of the city. The city, in its ownership and operation of a public utility, is acting in its corporate, and not its public or governmental, capacity. The municipal owner, like a public-service corporation, must furnish its service impartially to all who are similarly situated. It is not permitted to arbitrarily discriminate between its customers, to give one an undue and unreasonable advantage, or arbitrarily subject another to disadvantage and injustice. *American Aniline Prod. v. Lock Haven,* 288 Pa. St. 420 (50 A. L. R. 121, 135 Atl. 726) ; *Hubbell v. Higgins,* 148 Iowa 36; *Central Iron & Steel Co. v. Harrisburg,* 271 Pa. St. 340 (114 Atl. 258). Discrimination, to be unlawful, must be unjust and unreasonable. It must operate to the unjust advantage of one and consequent oppression or disadvantage of another. *Elk Hotel Co. v. United Fuel Gas Co.,* 75 W. Va. 200 (83 S. E. 922). However, absolute uniformity is impossible of attainment. Idem. Classification, within just and reasonable limits, is proper and permissible. The presumption is in favor of the rate and rule established by the rate-making authority. *City of Tipton v. Tipton L. & H. Co.,* 176 Iowa 224; *Town of Woodward v. Iowa R. & L. Co.,* 189 Iowa 518. The language of the Supreme Court of the United States, applied to an attack by the utility company

upon an established rate, is conversely applicable to an attack by the ratepayer.

" 'Judicial interference should never occur unless the case presents, clearly and beyond all doubt, such a flagrant attack upon the rights of property under the guise of regulations as to compel the court to say that the rates prescribed will necessarily have the effect to deny just compensation for private property taken for the public use.' " *San Diego Land & Town Co. v. National City*, 174 U. S. 739, quoted in *Cedar Rapids Gas L. Co. v. City of Cedar Rapids*, 144 Iowa 426, 447; *New Haven Water Co. v. City of New Haven*, 106 Conn. 562 (139 Atl. 99).

The rate-making body must necessarily have considerable discretion. *Sloan v. City of Cedar Rapids*, 161 Iowa 307; *Edgerly & Co. v. City of Ottumwa*, 174 Iowa 205; *State ex rel. Lammons v. Commander*, 211 Ala. 230 (100 So. 223), and cases above cited. Classification of users is a practical necessity. The line of demarcation between various groups of ratepayers cannot always be clearly defined. Seeming discrimination in favor of one class and against another is quite likely to result, whichever of two classifications is applied. The question is whether there are reasonable grounds for the classification, or whether the classification is arbitrary, discriminatory, unjust, or oppressive.

The theory of the defendants is that the water furnished to an apartment house is, in some form, whether ostensibly so or not, charged ultimately to the occupying families, and that the consumers are not the proprietor, but the families; that to classify an apartment house as a quantity consumer is, therefore, to discriminate in favor of families occupying an apartment house, and against those occupying disconnected dwellings. To this it may be added that the city has no control of the water after it passes the meter, or of the charges that may be made for it. While the rent charged must necessarily take into account the water furnished, if the apartment is not on a separate meter, nevertheless there is legally nothing to prevent the proprietor, in fixing rents, from charging the consumer on the basis of the maximum rate, while he is getting the wholesale rate.

An apartment house has obvious and important differences from a hotel. The tenants of the apartment house are families who maintain their family solidarity and seclusion, and carry on

their housekeeping, including water consumption, in quite the same manner as if residing in separate dwellings. Water to an apartment house is supplied to several or many families, for separate family and household consumption. Water is supplied to hotels and office buildings largely for individual, and a more limited and intermittent, consumption. Family or household consumption may, in the exercise of proper discretion of the rate-making body, we think, be given the same classification, whether it be in separate apartments in one building, or in disconnected dwellings, and a different classification from that of hotels and office buildings, supplying water for the more personal purposes of the guests and office tenants. It may be quite impracticable to rate water consumption by the guests of a transient or family hotel or by the tenants of an office building on a separate meter or approximate consumption basis. We are of the opinion that the defendants, in their classification of apartment houses, are not acting so arbitrarily and unjustly, and are not so unreasonably discriminating, to the disadvantage of apartment house owners or the advantage of proprietors of hotels and office buildings, as to entitle the plaintiffs to the intervention of the courts.

To grant plaintiff's contention is as likely to augment as to diminish the difficulties of rate-making, as may readily be seen from the following supposition:

Let us suppose that a plaintiff owns an ordinary apartment house, the apartments in which he lets out. Let us suppose that other plaintiffs own a co-operative apartment house, each not renting, but having title to his apartment. Another plaintiff owns a court, and on it he has a group of bungalows, to which he may supply water either through a common or separate meters. Another plaintiff owns a row of houses on a public street, some single, some multiple, which he holds for rent. Another group own separately their homes in an adjacent block. May it not reasonably be said that the fairest way is to give all these different plaintiffs the same classification?

Without further comment, we are of the opinion that the classification assailed is not unreasonable or arbitrary, and does not unreasonably or unjustly discriminate against the plaintiffs or others similarly situated. *Phelan v. Boone Gas Co.*, 147 Iowa 626; *Brand v. Water Commissioners*, 242 Mass. 223 (136 N. E.

389) ; *Keystone Inv. Co. v. Metropolitan Util. Dist.*, 113 Neb. 133 (202 N. W. 416) ; *Elk Hotel Co. v. United Fuel Gas Co.*, 75 W. Va. 200 (83 S. E. 922) ; *State ex rel. Armstrong Co. v. City of Waseca*, 122 Minn. 348 (142 N. W. 319) ; 20 Corpus Juris 336; 40 Cyc. 802; 28 Corpus Juris 572; 9 Ruling Case Law 1190; 12 Ruling Case Law 896; 27 Ruling Case Law 1450.

To prevent misapprehension, we may add that we do not hold that the classification is one that should be adopted. That is not our province. We hold merely that the classification does not constitute an unlawful discrimination. Whether other rate-fixing bodies might come to a different conclusion, and still be acting within the proper limits of their discretion, is not a question before us for determination.—*Affirmed*.

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.