32153.   COLUMBIA BAKING COMPANY *v.* ATLANTA GAS LIGHT COMPANY.

DECIDED NOVEMBER 11, 1948.   REHEARING DENIED DECEMBER 10, 1948.

244

*Madison Richardson,* for plaintiff.

*Moise, Post & Gardner,* for defendant.

FELTON, J. ■ The trial judge did not err in finding for the defendant on count one. The contract provided that "no rate charged hereunder shall exceed the rate prescribed or approved therefor by the Commission." As stated by the trial judge, the plaintiff does not contend that it paid more than the rate specifically established or approved for the plaintiff or its class of consumers. This ruling is also correct for the reason stated in the following division of this opinion.

■ Count two seeks recovery on the ground that rule three of the Commission had the effect of fixing the lower rate for all industrial gas users by reason of the lower charge to laundries and rubber processors. Rule three of the Georgia Public Service Commission is, in part, as follows: "Any company may charge less than the prescribed maximum rate, provided that, if a less rate be charged one person, such company shall, for a like service, charge the same lessened rate to all persons." The contention of the plaintiff here is that when the utility charged to one customer in the industrial class a lower rate than that charged to others similarly situated, such action by the utility had the effect of fixing the rate for all industrial customers at the lower-rate level. The lower court ruled that rule three did not have such effect, but was merely an order or command of the Commission which could subject the utility to a penalty for a viola-

tion of the rule or to mandamus. The evidence in this case supports this finding at least insofar as the Commission's interpretation of its own rule supports it. The Commission investigated the special laundry and rubber processing rates and eliminated them from the rate schedules rather than order them into effect for all industrial users. But even if the lower rate could have the effect contended for by the plaintiff, a lower rate made with the consent and approval of the Commission would not have such effect for the reason that when such a lower rate is filed with the Commission, and the Commission takes no action repudiating the rate, such action by the Commission has the effect of making a new class of industrial customers, and whether right or wrong, just or unjust, the lower rate is legal and authoritative, and the above rule becomes inapplicable, since another and distinct class of customers is created by the implied approval of the Commission of the lower rate, the only justification for which would be that the customer to whom it is given is in a different industrial class of users of gas from the industrial users using the rate No. 4. So, if the rule ever could have the meaning contended for by the plaintiff, it would only be where the lower rate is given by the utility without the knowledge or consent of the Commission. In this case the laundry rates were filed with the Commission, which it received subject to objection and complaint. The rubber-processing contracts were filed with the Commission, and for a number of years were left in operation without molestation. The Commission is charged with the duty of fixing rates and preventing unjust discrimination between the various classes of those served by public-utility companies. Where utility patrons are classified by the Commission and rates fixed accordingly, either upon notice and hearing, or by the express or tacit approval of a classification and rate voluntarily filed by a utility company, the result is either actually or in effect a judgment and finding of the Commission. If the Commission erroneously makes a classification or inadvisedly acquiesces in one voluntarily made, there is no liability on the part of a utility company to one who contends that he or it was erroneously omitted from the classification and given a higher rate. His remedy is before the Commission to correct whatever mistake has been made. In this case, the classifications and rates were made with due notice to the Com-

mission and without its disapproval. Therefore, there is no liability on the part of the utility company to a customer for the difference between the rate charged it and that charged another in the same general but not specific class defined by the Commission in its tacit acquiescence in the classification and rate. The rule refers to lower rates given without authority, and even then creates no liability, in and of itself, against the utility company in favor of one discriminated against. There was no error in finding for the defendant on the second count.

■ Assuming for the sake of argument that a utility company could be liable for breach of duty not to unjustly discriminate in a case where a lesser charge to one of a class was authorized or acquiesced in by the rate-making body, the great weight of authority is to the effect that the measure of damage is not the difference in rates, but the actual damage suffered in competitive business. See Parsons v. Chicago & Northwestern Ry. Co., 167 U. S. 447 (17 Sup. Ct. 887, 42 L. ed. 231), Pennsylvania Railroad Company v. International Coal Co., 230 U. S. 184 (33 Sup. Ct. 893, 57 L. ed. 1446, Ann. Cas. 1915A, 315), Interstate Commerce Commission v. United States, 289 U. S. 385 (53 Sup. Ct. 607, 77 L. ed. 1273), and cases cited. Also see Boerth v. Detroit City Gas Company, 152 Mich. 654 (116 N. W. 628, 18 L. R. A. (N.S.) 1197), Homestead Company v. Des Moines Electric Company, 248 Fed. 439 (12 A. L. R. 390), Cock v. Marshall Gas Company (Tex. Civ. App.), 226 S. W. 464, Callender v. Northern States Power Company, 192 Minn. 591 (257 N. W. 512), Charles H. Lilly Company v. Northern Pacific Railway Company, 64 Wash. 589 (117 Pac. 401), Kousal v. Texas Power & Light Company, 142 Texas 451 (179 S. W. 2d, 283), New York Telephone Company v. Seigel-Cooper Company, 202 N. Y. 502 (96 N. E. 109, 36 L. R. A. (N. S.) 560), and United States Gas Corp. v. Shepherd Laundries Company, 144 Texas 164 (189 S. W. 2d, 485). Most if not all of the cases cited by the plaintiff in error to sustain the contention that there is a common-law liability for the difference in rates to one of a class charged a higher rate than others similarly situated are distinguishable in that they are mandamus or other types of cases, in that they have been modified or overruled, or in that they were based on a specific statute. There is no Georgia statute giving a right of action for difference in rates. Code

§ 93-415 only gives a right of action for loss, damage, or injury. Section 8 of the Interstate Commerce Act, interpreted by the Supreme Court, allows recovery for damages sustained and not for difference in rates. The action here is not for damages by reason of unjust discrimination suffered in competitive business, but only for the difference in rates. The court did not err in finding for the defendant on the third count.

The court did not err in finding for the defendant on the pleading and evidence.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*