### JAMESTOWN OF INDIAN HARBOUR BEACH CO. v. CITY OF MELBOURNE.

No. 33966.

Circuit Court, Brevard County.

December 14, 1966.

Charles M. Rieders of McGregor & Rieders, Cocoa Beach, for plaintiff.

Joel S. Moss, Melbourne, for defendant.

VOLIE A. WILLIAMS, Jr., Circuit Judge.

*Final decree:* This cause came on for trial on September 30, 1966. Counsel for both parties stipulated before me to all facts reflected in the court file in answers to interrogatories and answers to supplemental interrogatories, response to admissions and to other facts and the admission of evidence now of record. The court heard the testimony of O. M. Fundom, city clerk and

treasurer of the city of Melbourne; Alice Crowl, supervisor of the water department of the city of Melbourne; and James Mahaffey, vice-president of Jamestown of Indian Harbour Beach Co., the corporate plaintiff. Counsel for both parties submitted memoranda of law after oral argument.

The resolution in question, which establishes the water rate structure, is challenged on the principal grounds that resolution no. 31-62 of the city of Melbourne was improperly passed and adopted on November 13, 1962, and is arbitrary, discriminatory, capricious and unconstitutional in its enactment and application; that the language in the resolution fails to meet charter provisions; and that the resolution is void in that it concerns itself with more than one subject, both in title and in the body. This court will concern itself only with the question of discrimination.

Resolution 31-62 is the present authority by which the city bills its water users and the rate scales therein are presently used for determining the charges made to consumers, including Jamestown. Under resolution 31-62, two types of water rates are set out, which are —

### 1. MULTIPLE USE WATER RATE

The following rates are applicable for all apartments, duplex, commercial family living units with kitchen facilities, multi-family housekeeping units and trailer living units, which are connected to the city water system through a water meter:

|  | Inside City Limits | Outside City Limits |
|---|---|---|
| First Family Dwelling Unit allowance 3,000 gallons/month) | $2.50 | $3.00 |
| Each additional dwelling unit (allowance 3,000 gallons/month) | 2.25 | 2.75 |

Water metered over the minimum per dwelling unit will be charged as follows:

|  | Per 1000 gallons | Per 1000 gallons |
|---|---|---|
| Next 2,000 gals./month | $0.75 | $0.94 |
| Next 5,000 gals./month | 0.70 | 0.88 |
| Next 10,000 gals./month | 0.60 | 0.75 |
| Next 30,000 gals./month | 0.50 | 0.63 |
| All in excess 50,000 gallons | 0.35 | 0.50 |

The minimum monthly bill shall never be less than the minimum charge, times the number of dwelling units or the metered charge, whichever charge so ascertained is the greater.

### 2. METERED WATER RATES

The following rates are applicable to all retail quantities of water shown by monthly meter readings to have been furnished to all water users within and outside the city limits of the city of Melbourne:

|  | Inside City Limits Per 1000 gallons | Outside City Limits Per 1000 gallons |
|---|---|---|
| First 3,000 gals./month | $0.83-1/3 | $1.00 |
| Next 2,000 gals./month | 0.75 | 0.94 |
| Next 5,000 gals./month | 0.70 | 0.88 |
| Next 10,000 gals./month | 0.60 | 0.75 |
| Next 30,000 gals./month | 0.50 | 0.63 |
| All over 50,000 gals./month | 0.35 | 0.50 |

*Findings*

Resolution 31-62 did not change the then existing rates for any users, other than those classified as "Multiple Use Water Rate Users". This classification includes the same basic rates as under the resolutions prior to 31-62 but added a minimum rate to each additional living unit owned or operated by those designated under resolution 31-62.

It is noted that under resolution 31-62 the minimum charge for hotels and motels which do not have kitchen facilities (or in which the kitchen facilities are not used for a full month) is not made separately for each unit but the user pays for the water on the basis of metered rates after the minimum of 3,000 gallons is consumed.

A comparison of the cost of 556,000 gallons of water per month under each of the two classifications indicated the difference in the effect of the two classifications. The use of 556,000 gallons of water by an apartment owner with 133 units being billed (the city testified that billings are based on occupied units of apartments) would result in a charge of $446.44. A hotel using the same quantity of water would pay $298.26. There is a substantial difference in treatment between these two classes of users.

Because this is a case of first impression in Florida, the court has relied on a case similar to the one at bar, Kliks v. Dalles City, 335 P.2d 366 (Ore. 1959). Justice O'Connell, in that decision, reviewed the pertinent law concerning the same issues this court faces, and cogently reasoned and distinguished his findings and those of cases in other jurisdictions. These cases cited are still the leading cases in this area of law.

The facts in the instant case are almost parallel to those in Kliks. Both cases test the validity of a city rate ordinance-resolution, both plaintiffs are served by one meter, billed once a month on a single account, and the defendant in both cases charged hotels and motels a much lesser charge than it charged apartment users.

This court agrees with and adopts the reasoning in the Kliks case as succinctly stated on pages 376-377 of the opinion —

. . . [T]he important consideration is not the similarities between these two types of use of water, but the differences, if any, between apartment houses and hotels, motels and other commercial users to whom a lower rate is charged.

In Knotts v. Nollen, supra, the court attempted to make out such differences, pointing out that tenants in apartment houses . . . are

families, who maintain their family solidarity and seclusion and carry on their housekeeping, including water consumption, in quite the same manner as if residing in separate dwellings. Water to an apartment house is supplied to several or many families for separate and household consumption. Water is supplied to hotels and office buildings largely for individual and a more limited and intermittent consumption. 260 Iowa 261, 263, 264, 218 N.W. 563, 565.

Granting that all this is true, it amounts to no more than a distinction based on the ultimate use of the water — "house-keeping" in one case, "individual" in the other. But as we have seen, a distinction based solely on the nature of the use will not sustain a rate classification. For rate making purposes, we are unable to see any difference between the service to a hotel and an apartment house where, as here, each is served by the utility in the same manner and no other factors such as the quantity used, the time of use, etc., might permit rate differences. The water is furnished to both through one pipe. Only one meter need be read and one bill prepared; there is only one connection to service and maintain. It simply cannot be said that the apartment house is different in any material respect from a hotel or other commercial user, nor can it be said that it is the same as a collection of residences, each one of which requires separate connections, meters and accounts.

The defendant raises the point that an apartment house should be treated as an aggregation of dwellings rather than as a business for rate classification purposes. As held in the Kliks case, it is this court's opinion that an apartment house is a business and a comparison of the respective financial burdens imposed upon apartment owners and hotel owners shows an irreconcilable difference in rates for service which is essentially the same in each case.

The plaintiff has met the necessary prerequisite for rebate by filing its letter of protest dated October 29, 1965.

Upon consideration thereof, it is ordered, adjudged and decreed —

(1) That, as pertaining to the Jamestown of Indian Harbour Beach Co., the classification under the multiple use water rate of resolution 31-62 is unreasonable; that the Jamestown of Indian Harbour Beach Co. will be billed according to the basis of the metered water rate and that the City of Melbourne is enjoined from further billing the Jamestown of Indian Harbour Beach Co. under the multiple use water rate basis of resolution 31-62.

(2) That the Jamestown of Indian Harbour Beach Co. is entitled to all monies collected by the City of Melbourne from the period of protest commencing October 29, 1965, to the present, in the amount which exceeds the charges, had it been billed upon the metered water rate basis; said overage is $2,113.59

202

plus interest of $91.61; and plaintiff is entitled to and will have costs of $64.70, for a total judgment of $2,269.90, for which let execution issue forthwith.