QUESTION: May the Florida Keys Aqueduct Authority classify persons sixty-five years of age or older as a separate class of water users and charge lower water rates to these persons?
SUMMARY: Publicly owned and operated utilities may not establish a separate classification for persons sixty-five years of age or older and charge lower rates to this class of customers. The Florida Keys Aqueduct Authority was established by virtue of Ch. 70-810, Laws of Florida. Section 13 of the act granted the authority the power to establish rates for water service and provided that: Such . . . rates shall be just and equitable and uniform for users of the same class and where appropriate may be based or computed either upon the amount of service furnished or upon the number or average number of persons working or residing or working or otherwise occupying the premises served or upon any other factor affecting the use of the facilities furnished, or upon any combination of the foregoing factors as may be determined by the board of directors on an equitable basis. As you mention in your letter, the rate-determining factors listed in the act appear — grammatically — to refer not only to the rates to be set within each class, but to any classification as well. The act allows a consideration of "any other factor affecting the use of the facilities furnished," but age — alone — would not logically fall within this general term. In addition, according to the maxim, ejusdem generis, a general word or phrase following an enumeration of specific things will usually be interpreted to include only things of the same kind or species as those enumerated. Pompano Horse Club v. State, 111 So. 801, 814
(Fla. 1927). Finally, under the rule of noscitur a sociis, "general and specific words capable of analogous meaning when associated together take color from each other so that the general words are restricted to a sense analogous to the less general." State v. Thompson, 101 So.2d 381 (Fla. 1958). Apart from the specific terms of the special act creating the authority, there is also the common-law rule that utility rates must be reasonable and nondiscriminatory. Tampa Electric Co. v. Cooper, 14 So.2d 388, 389
(Fla. 1943). Classification of utility customers is unlawful discrimination unless made upon a reasonable basis related to distinctions in the services provided. [See] 73 C.J.S. Public Utilities s. 27, pp. 1049-1050; see Jamestown of Indian Harbour Beach Co. v. City of Melbourne, 27 Fla. Supp. 198 (Brevard Co. 1966); see 12 McQuillin, Municipal Corporations, s. 34.101, pp. 321-322. Rates set by publicly owned and operated utilities are considered to be prima facie reasonable. Metropolitan Dade Co. Water and Sewer Board v. Community Utilities Corp., 200 So.2d 831,832 (3 D.C.A. Fla., 1967). However when a special rate is substituted for a general and uniform rate, there is no presumption of reasonableness, since the special rate conflicts with the presumption in favor of the general rate. [See] 73 C.J.S. Public Utilities s. 26, p. 1048. The burden would therefore be on the authority to establish a reasonable basis, related to the actual service provided, for a rate classification according to age alone. There does not, however, appear to be any logical nexus between the two. Your question is answered in the negative.