B. G. THOMPSON v. CITY OF GOLDSBORO.

(Filed 20 October, 1909.)

**Water Rates—Minimum Charge—Charge for Each House—Tenement Houses—One Supply Pipe.**

Under a minimum charge of 60 cents a month for water for each house furnished therewith by the City of Goldsboro, the owner of three tenement houses on the same property is chargeable with the minimum amount for each house at least; and the abrogation of an ordinance requiring a separate water pipe and meter to each house in this and similar instances, so as to permit of only one pipe and one meter for the supply of water to the three houses, is for the convenience and advantage of the owner, and does not affect the clear import of the regulations as to the minimum amount chargeable for each house.

ACTION for injunction, heard on return to preliminary restraining order, before *W. R. Allen, J.,* at chambers.

The restraining order was continued to the hearing, and the defendant excepted and appealed.

The facts are stated in the opinion.

*M. T. Dickinson* for plaintiff.
*J. Langhorne Barham* for defendant.

HOKE, J.   On the hearing it appeared that plaintiff was the owner of a lot in the city of Goldsboro and within the water limits, on which there were three tenement houses, occupied by three separate families, tenants of plaintiff; that water was supplied to these houses from the water system owned and controlled by defendant, by a single pipe, and to this pipe there was a meter attachment, giving indication of the amount of water supplied to the "several families"; that defendant had established water rates for consumers at so much per cubic foot, the rate being gradually less for larger quantities of water consumed, and with a minimum charge of sixty cents, and there was also a requirement that "each consumer" should be supplied with a separate pipe.

On the part of plaintiff it was shown that the entire amount of water supplied by this pipe for all three of these houses for the month of May, 1909, did not exceed 180 cubic feet, and which, at the rate per cubic foot, would indicate a correct charge against plaintiff for water supplied to the three houses, of forty-five cents; and that plaintiff had tendered to defendant, in payment and satisfaction of this sum, sixty cents, the minimum charge per month; that defendant had declined to accept the amount in satisfaction of the claim, but had demanded of plain-

tiff for said month the sum of $1.80, being the correct amount, as indicated by a minimum charge for each of the three families occupying plaintiff's houses, and threatened to enforce collection of this amount by shutting off the supply of water, etc.

For defendant it was made to appear that plaintiff had bought the property in January, 1909, when there was only one house on same, supplied by the single pipe, and later plaintiff had improved the property by constructing the three tenement houses, and that in the month of May the three houses, as stated, were each occupied by a separate family; that the regulations required a separate pipe for each consumer, at a minimum rate per month of sixty cents, and "that it is and has been a rule of the said board of public works since 1 June, 1907, to require each consumer of water to be supplied by a separate pipe. But, in numerous cases, to require consumers of water to lay separate pipes to each and every one of their several houses would cause considerable expense and outlay of money on their part, and in this instance the board of public works have allowed consumers of water to be supplied with water for each of their several houses through one pipe, the meter being so placed as to measure water passing through said pipe and used by the several houses; that the rate charged by the board of public works for the water so used is that above stated in this affidavit, with a minimum charge of sixty cents for each house furnished with water; that these are the rates charged plaintiff in this case and the rates charged every consumer of water furnished by said board of public works; that these rates and rules, as above stated, have for a long time been printed and distributed to the public, and that these rates and regulations were and have been well known to the plaintiff."

Upon these facts the Court is of opinion that a minimum charge of $1.80 per month is a correct charge, and the position of plaintiff cannot be sustained. The regulations, whatever may be their further extent, clearly contemplate that each householder using the water and occupying a separate house, either as tenant or owner, shall be considered a consumer and, as such, liable to the minimum charge of sixty cents. This is not only the primary meaning of the words used, but such meaning is further confirmed and emphasized by the requirement that each consumer must be supplied with a separate pipe; and this significance is not changed by the fact that the authorities have adopted a method, when feasible, of making a single pipe serve for several houses, and attaching a meter to indicate the amount of water consumed. This is done for the convenience of the owner and

to save him unnecessary cost, and was not intended and should not be allowed to affect or change the clear import of the regu-lations.

While not entirely apposite, the case of *U. S. v. Water Works,.* 32 Fed., 747, applies the principle which we hold to be controlling on the facts presented here. In that case the United States was owner of a reservation within the water limits of defendant company and on which there were numerous buildings, used for dwellings for officers, hospitals, etc., and the water was supplied at an established rate, decreasing "inversely to the amount of water taken." The United States instituted suit to restrain the company from enforcing the collection of the water rate by shutting off the supply, etc., claiming that the Government, as sole owner of the reservation, was entitled to pay for the water at the reduced rate, as a single consumer; but the court held that the charge should be estimated as for each separate building using the water, and *Brewer, J.,* speaking to this question, said: "Suppose some one in the city, owning a block of ground, should put up twenty or thirty residences to rent; it would be a clear violation of the spirit of this ordinance to permit him to supply all these houses as though they constituted one property. Indeed, as nothing is said about contiguity, if ownership was the test, a man having buildings, residences, stores and factories scattered in different parts of the city might insist upon a supply to all at the lowest rate; or, as neither ownership or contiguity is spoken of, why might he not contract for all the water from defendant and subcontract it to various consumers in the city? I think there can be little doubt on this."

By correct interpretation, the householders occupying these separate houses are each to be considered a consumer; and, on the facts presented, the judgment of the lower court continuing the restraining order to the hearing must be

Reversed.