### CALDWELL et al. v. CITY OF ABILENE et al.

#### No. 3026.

Court of Civil Appeals of Texas. Eastland.
July 17, 1953.

Rehearing Denied Sept. 18, 1953.

Wilson Johnston and Tom Webb, Abilene, for appellants.

Smith, Eplen, Bickley & Pope, Abilene, for appellees.

COLLINGS, Justice.

A. E. Caldwell and others brought this suit against the City of Abilene and certain designated officials of the city to enjoin the enforcement of water and sewer ordinances which appellants claim to be discriminatory and unreasonable in that they require appellants to pay a higher rate than other residents users. The case was heard before the court without a jury and judgment entered denying the injunctive relief prayed for. A. E. Caldwell and other parties plaintiff have appealed.

The charter of the City of Abilene provides:

"(Amended) The City of Abilene, through its Board of Commissioners, shall have all the powers that are now or that hereafter may be granted to cities and towns by general law, and in addition thereto, shall have such further powers as are granted by this Act."

Section 59(y) of Article VIII provides the City shall have the right:

"To purchase, own, construct or lease, and to maintain and operate either within or without the limits of said city a system of waterworks, reservoirs, gas and electric light plants, sewer and other public utilities for the use of the public and the city, and to furnish service therefrom within the limits of said city, and to make and collect such charges and fees therefor as may be fixed by said Board, and to issue the bonds of said city in payment therefor; provided, that the issuance of said bonds shall first be submitted to a vote of the qualified voters of said city, as provided herein for other bond elections."

The City of Abilene owns and operates its water department and sewer system, and by ordinances dated February 22, 1952, duly and regularly passed under the powers granted by its charter, set the water and sewer rates to be charged to water and sewer customers, and classified certain users under the ordinance.

Appellants are all apartment owners within the corporate limits of the city and each owns one or more apartment houses not coupled with any industrial enterprise within the meaning of the applicable city ordinances. Prior to the enactment of the ordinances in question appellants were charged a given minimum rate for the first 2,000 gallons of water consumed and a lesser rate for amounts in excess thereof. The minimum rate included a charge designed not only to cover the cost of water, but also costs of servicing the meter, and only one minimum charge was made for each meter regardless of the number of persons or family units receiving water through the meter.

The provision of the ordinance in question applying to apartment house owners was as follows:

"In all cases where more than one living or business unit is supplied through one meter, a minimum charge will be made for each living unit or business unit supplied through such meter. If two or more living or business units are supplied through one meter, a minimum charge will be made each month for each unit regardless of whether units are occupied."

The City charges each appellant for water and sewerage disposal service in accordance with the ordinance. Charges to apartment houses are made under a residential classification. The City furnishes such services, however, to hotels, tourist camps and motels and other places where itinerant trade is predominant under an industrial classification under which only one minimum charge is made regardless of the number of persons or family units supplied. In some of these places, some units are used as family units and the classification of the enterprises is not changed on that account. Apartment houses under the ordinances have the right to install additional meters if they so desire and then be charged separately for each living unit in the apartment house upon the basis of the actual use by that apartment. None of the appellants have chosen to exercise this right.

The cost to the City of Abilene in furnishing water and sewerage disposal to an apartment house with two or more living units, but having only one water meter, is no greater than the cost of furnishing the same service to a private dwelling having only one water meter and having the same fixtures and using the same amount of water as the apartment house. The approximate cost to the City as estimated by an engineer for reading each meter and billing and collecting the account is 80¢ per month. The minimum water bill of $1.50 per month is based upon this estimated amount of 80¢ per month together with a charge of 70¢ for the first 2,000 gallons of water consumed.

■■ It was held by the court that the evidence was not sufficient to show that the City of Abilene acted in an arbitrary and unreasonable manner or was guilty of unreasonable discrimination against appellants in passing and enforcing the ordinances in question. Appellants urge in several points that such holding is error. It is contended by appellants that it was arbitrary and unreasonable for the City to classify apartment houses and by basing its classification for rate purposes upon consuming units to charge a higher rate for water furnished to them than the rate charged for water furnished to other customers similarly situated from a cost of service standpoint. They contend that any differentiation in water rates must be based upon the economic factor of cost and that any classification for rate purposes not so based is arbitrary and unreasonable. We cannot agree with this contention. Many factors are properly considered in determining the reasonableness of a classification and there is no one factor which is of itself controlling to the exclusion of all others. Each case must be decided upon its own facts and the burden of proof is on the party claiming an unreasonable discrimination. Ford v. Rio Grande Valley Gas Co., 141 Tex. 525, 174 S.W.2d 479.

■ It is well established that a municipal corporation operating its water works or other public utility has the right to classify consumers under reasonable classification based upon such factors as the cost of service, the purpose for which the service or product is received, the quantity or amount received, the different character of the service furnished, the time of its use or any other matter which presents a substantial difference as a ground of distinction. 73 C.J.S., Public Utilities, § 27, page 1049; 43 Am.Jur., 689; American Aniline Products, Inc., v. City of Lock Haven, 288 Pa. 420, 135 A. 726, 50 A.L.R. 121.

■ It was held by our Supreme Court in City of Galveston v. Kenner, 111 Tex. 484, 240 S.W. 894, that a city has the duty, upon proper request, to install meters for tenants occupying distinct tenements or storehouses and collect directly from the tenants rather than from the property owner. It would seem that if a city can be required to meter and charge for its water on the basis of a family or individual business unit that it should also have the power to do so on its own accord. To hold otherwise would be to place such power and discretion in the hands of each individual user to whose whim and fancy the city would be subject without power to control or manage its utility business. The classification of apartment houses under a residential classification based for rate purposes upon consuming units is not, in our opinion, without reasonable basis and justification. Such

users constitute a type or class substantially different and distinct from other users. This is sufficient basis for the classification. It was so held by the Court of Appeals of Maryland in Lewis v. Mayor and City Council of Cumberland, 189 Md. 58, 54 A. 2d 319, 325, under a similar ordinance. The court, in that case, stated:

"Calling an apartment house a business does not alter the fact that it is an aggregation of dwellings. It is not unreasonable to classify it with other dwellings rather than with hotels."

The unquestioned weight of authority in other states is that a city may classify its users on the basis of a family or business unit and base its charge for the service upon such unit, and may make a minimum charge for each such unit. Thompson v. City of Goldsboro, 151 N.C. 189, 65 S.E. 901; United States v. American Water-Works Co., C.C., 37 F. 747.

■■ The fact that the city furnishes its water and sewerage disposal service to hotels and tourist camps and other places where itinerant trade is predominant under an industrial classification with only one minimum charge, even though some of the units in some of these places are used as family units, is obviously a discrimination against appellants. In our opinion, however, such discrimination is not, under the facts and circumstances in evidence in this case, an arbitrary and unreasonable one. The interest and needs of the numerous water users served by a city are such that it is improbable, if not impossible, that any classification or rate basis could be devised which would not in some way discriminate against some of the users. If appellants should prevail in this case, there would be a discrimination against consumers in single unit dwellings. Not every discrimination, however, is condemned, but only a discrimination that is arbitrary and without a reasonable fact basis or justification. The discrimination in this case is not arbitrary. On the contrary, it is supported and justified by a factual basis for classification and by substantial evidence which justifies the charges made to that class of users. Such discrimination as there is need not be suffered by appellants. They have the right to have additional meters installed so that charges may be made directly to each household unit.

The findings of fact filed by the court were supported by evidence and required the judgment rendered. We have examined other points presented and find no reversible error.

The judgment is affirmed.