**CITY OF KERMIT, Texas, a Municipal Corporation et al., Appellants,**

**v.**

**Mrs. M. RUSH, a Widow et al., Appellees.**

**No. 5476.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 11, 1961.

Richard C. Milstead, Calvin W. Wesch, Kermit, for appellants.

John R. Lee, Kermit, for appellees.

FRASER, Justice.

This is an appeal from a judgment of the District Court of Winkler County, Texas, declaring certain portions of Ordinance No. 172 of the City of Kermit, Texas, to be null and void, and permanently enjoining appellants from enforcing any and all of said provisions of this ordinance.

The ordinance provided that: "Each separate house, residence, apartment building, structure, trailer house and/or mobile home, shall have a separate water meter, or pay a separate monthly minimum charge for water." The appellees maintained that they, as apartment house and trailer park owners, were being discriminated against in that the classification requiring them to pay minimum water rates for each unit was arbitrary and unreasonable. The appellant city had assessed one minimum water rate per month against such businesses as hotels and motels, classifying them as single unit users, and classified apartment houses and trailer parks as multiple unit users, charging them a monthly minimum water rate for each occupied living unit.

The trial court heard the matter without a jury and declared the ordinance to

be null and void, and permanently enjoined appellants from enforcing such provisions of Ordinance 172.

The appellants maintained that this distinction between motels and apartment houses and trailer park operators was not an unreasonable or arbitrary distinction or discrimination.

The appellees maintained that there was no sound basis for the enforcement of the ordinance, and that it was arbitrary. These contentions were based largely on the fact that some of the motels, paying one minimum water rental rate per month, at various times had one or more permanent or family type residents. They further point out that it cost the city the same amount to supply water to the one meter at the motels as it did to separate meters located at the multiple unit installations; that there was no more service required and no burden on the city distinguishing one from the other, and the city was not required to spend additional money for either type of service; and, for these reasons, the ordinance and its enforcement was arbitrary and unjustly discriminatory.

We believe this matter to have been settled by the case of Caldwell v. City of Abilene, 260 S.W.2d 712, 714, decided by the Eastland Court of Civil Appeals, to which decision a writ was refused. It appears, from reading the Caldwell case, that the ordinances of the two cities were very similar. The court, in that particular case, defined the occupants of the apartments as resident users, and referred to tourist camps and motels and such as *places where itinerant trade is predominant.* (It did not say exclusive.) In that case, as here, there was no difference in the cost of supplying service to the different types of units, and the court held that the evidence was not sufficient to show that the City of Abilene acted in an arbitrary and unreasonable manner, or was guilty of unreasonable discrimination. The court says:

"It is well established that a municipal corporation operating its water works or other public utility has the right to classify consumers under reasonable classification based upon such factors as the cost of service, the purpose for which the service or product is received, the quantity or amount received, the different character of the service furnished, the time of its use or any other matter which presents a substantial difference as a ground of distinction." (Citing 73 C.J.S. Public Utilities § 27, page 1049; 43 Am.Jur. 689; 50 A.L.R. 121; and American Aniline Products, Inc., v. City of Lock Haven, 288 Pa. 420, 135 A. 726, 50 A. L.R. 121.)

It was further brought out that in that case, as in the one before us, the city agreed to furnish meters for each unit of the multiple unit installations so that the owner of the installation would not have to be responsible, but that the water would be contracted and paid for by the occupant. This case further states as follows:

"The unquestioned weight of authority in other states is that a city may classify its users on the basis of a family or business unit and base its charge for the service upon such unit, and may make a minimum charge for each such unit." (Cases cited thereunder.)

The court then, in disposing of the case, states as follows:

"The fact that the city furnishes its water and sewerage disposal service to hotels and tourist camps and other places where itinerant trade is predominant under an industrial classification with only one minimum charge, even though some of the units in some of these places are used as family units, is obviously a discrimination against appellants. In our opinion, however, such discrimination is not, under the facts and circumstances in evidence in this case, an arbitrary and unreasonable one. The interest and needs of the numerous water users served by a city

are such that it is improbable, if not impossible, that any classification or rate basis could be devised which would not in some way discriminate against some of the users. If appellants should prevail in this case, there would be a discrimination against consumers in single unit dwellings. Not every discrimination, however, is condemned, but only a discrimination that is arbitrary and without a reasonable fact basis or justification."

The court then points out that the owners involved could have additional meters installed for each separate unit.

It was also urged in that case that the differentiation in water rates must be based upon the economic factor of cost, and any classification for rate purposes not so based is arbitrary and unreasonable. The court says:

"We cannot agree with this contention. Many factors are properly considered in determining the reasonableness of a classification and there is no one factor which is of itself controlling to the exclusion of all others. Each case must be decided upon its own facts and the burden of proof is on the party claiming an unreasonable discrimination. Ford v. Rio Grande Valley Gas Co., 141 Tex. 525, 174 S.W.2d 479."

In the case before us, the ordinance required that each unit of a multiple unit installation would be assessed, when occupied, the minimum monthly water rate, but that hotels, motels and such would pay only one minimum water rate. We believe that the Caldwell case, cited above, in which the Supreme Court refused a writ, is controlling in the matter before us. The ordinances are very similar, as are the facts, and we believe the reasoning to be specific with regard to the matter before us.

Without belaboring the point any farther, we believe the matter before us has been judicially determined as set forth above, and we do not find any area of distinction sufficient to take this case out from under the ruling and reasoning of the said Caldwell case.

Appellees have also argued that the ordinance in question has been unreasonably and arbitrarily enforced. It is well settled that, here again, the burden of proof is upon the party so alleging, and the presumption of legality exists until overturned. We do not believe that this burden has been met, and therefore hold that the record does not establish arbitrary or unreasonable enforcement of the ordinance. We do not believe that unreasonable enforcement in any event would vitiate the ordinance which is otherwise legal.

For these reasons the appellants' points are sustained, and the decision of the trial court is reversed and rendered in favor of appellants, and the permanent injunction granted by the trial court is canceled and dissolved.

CLAYTON, J., not sitting.