496 P.2d 1074 (1972)
FORT COLLINS MOTOR HOMES, INC., a Colorado corporation, Plaintiff-Appellant,
Harold E. Bonser et al., Plaintiffs, and
Gene E. Fischer, on behalf of themselves, and all others similarly situated, Plaintiff-Appellant,
v.
The CITY OF FORT COLLINS, Colorado, a municipal corporation, et al., Defendants-Appellees.
No. 70-488.
Colorado Court of Appeals, Div. II.
February 23, 1972.
Rehearing Denied March 28, 1972.
Certiorari Denied May 30, 1972.
*1075 Harden, Olson & Napheys, George H. Hass, Fort Collins, for plaintiffs-appellants.
March, March & Sullivan, Arthur E. March, Jr., Fort Collins, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Ft. Collins Motor Homes, Inc., is the owner of a mobile home park in defendant, City of Fort Collins. Plaintiff Fischer is the owner of an apartment complex within the corporate boundaries of the city. They, and other plaintiffs not parties to this appeal, commenced an action against the city, on behalf of themselves and all others similarly situated, to enjoin the city from applying and enforcing Ordinance No. 33, 1969, which amended § 21-43.55 of the Code of Ordinances of the City of Fort *1076 Collins, Colorado (1958). Ordinance No. 33, 1969, provided in summary: (1) for a change in the bulk rate for water delivered to consumers from the city-owned water system from 15¢ per 1,000 gallons to 22¢ per 1,000 gallons; and (2) for a minimum monthly water charge applicable to apartments and mobile home complexes of $3.00 for each dwelling unit served through a master water meter.
The city's rate structure, prior to Ordinance No. 33, 1969, contained three classes of consumers: (1) large commercial consumers, including plaintiffs, receiving water through master meters and paying a single monthly minimum charge based upon meter size; (2) single family residential consumers paying a flat monthly rate of $2.25, plus an approximate $2.00 charge based upon lot size; and (3) single family residential consumers served through meters and paying a monthly minimum of $3.00. The effect of Ordinance No. 33, 1969, was to shift plaintiffs from class 1 to class 3.
In response to plaintiffs' complaint, defendants moved for summary judgment pursuant to C.R.C.P. 12(b) and 56, supporting their motion with affidavits and exhibits. One such exhibit was a water rate analysis compiled by the city manager of the City of Fort Collins. This analysis, which recommended the initiation of a minimum charge per living unit, contained a comparative analysis of the annual consumption of individual users in the City of Fort Collins and an analysis of charges for this use under the then present and the proposed rates. The analysis further contained a comparative statement of revenue and expense of the water utility fund of the City of Fort Collins. No affidavits in opposition were offered by plaintiffs.
Subsequent to a hearing, the trial court found that there was no material dispute as to any issue of fact and dismissed the amended complaint, ruling that Ordinance No. 33, 1969, was not, as a matter of law, discriminatory and that the complaint did not state a claim upon which relief could be granted. It is from this order of the trial court that plaintiffs appeal.

I.
Plaintiffs first contend that the trial court erred in granting judgment of dismissal on the grounds that the complaint failed to state a claim upon which relief could be granted.
The sections of plaintiffs' amended complaint pertinent to this appeal alleged that Ordinance No. 33, 1969, discriminatorily removed plaintiffs from the commercial consumer class and placed them in the same class as metered single family residential consumers for the purposes of water and sewer rates. They further alleged that the new rates would be unreasonably disproportionate and that the reclassification failed to take into account plaintiffs' rate of consumption or the type of water use required. In its judgment, however, the trial court determined that the classification of users in the rate structure of the challenged ordinance was reasonable and did not constitute unlawful discrimination. We agree.
From the record it appears that prior to the passage of Ordinance No. 33, 1969, apartment houses and mobile home courts were treated as commercial consumers. This meant that a group of living units in an apartment house or mobile home complex could, in effect, "pool" their water use and take advantage of lower bulk rates afforded commercial users. The result of this, as demonstrated in the water rate analysis, was that individual users in trailer parks and apartments could pay as little as 65¢ per month for water service. The water rates for metered and unmetered single family residences were much higher. The trial court noted that, prior to the adoption of the new ordinance, there was a substantial discrimination in favor of the apartment or mobile home dweller and against the single family residence owner. It was this discrimination that Ordinance No. 33, 1969, was designed to remedy.
As against the challenge of unlawful discrimination, ordinances such as that in question here, providing for minimum rates per living unit in an apartment with one meter, have been upheld by the majority of *1077 courts presented with this problem. Oradell Village v. Township of Wayne, 98 N.J.Super. 8, 235 A.2d 905; Knotts v. Nollen, 206 Iowa 261, 218 N.W. 563; Caldwell v. Abilene, 260 S.W.2d 712 (Tex.Civ.App.). See 12 E. McQuillin, Law of Municipal Corporations § 35.37a (3rd ed.). This has also been true of similar ordinances which have been attacked solely on the basis of a change of plaintiffs' classification to one other than a commercial user. E. g., City of Kermit v. Rush, 351 S.W.2d 598 (Tex.Civ.App.).
Plaintiffs' argument that the classification is unlawfully discriminatory because a $3.00 per month minimum charge will result in disproportionately high monthly rates for residents of apartment houses and mobile homes as opposed to single family residence dwellers on the flat rate basis is also without merit. The fixing of rates by a municipality is a legislative act and in the absence of a clear showing that rates so fixed are unjust, unreasonable, or discriminatory, the courts may not interfere. C. Rhyne, Municipal Law § 23-7. Neither will they interfere where substantial equality has been provided. Absolute equality cannot be expected. Western Heights Land Corp. v. Ft. Collins, 146 Colo. 464, 362 P.2d 155; Denver v. Knowles, 17 Colo. 204, 30 P. 1041. The record fully supports the trial court's determination that this minimum charge, regardless of how much or how little water is used by each customer, is the fairest and most equitable manner of distributing among all users the ever present cost to the city of obtaining and supplying the water required, and we find no error in the trial court's determination that there was no unlawful discrimination in the classifications established by the ordinance in question.

II.
As additional ground for error, plaintiffs contend that the ordinance creates unlawful discrimination between the rate charged plaintiffs and that charged Colorado State University because no minimum charge, based upon the number of dwelling units served, is assessed against the university. Contrary to plaintiffs' position, however, most courts have recognized, and it is our view, that assessment of lower rates for charitable institutions and public schools is proper and does not constitute unlawful discrimination. See 12 E. McQuillin, supra, §§ 35.37(b) and 35.37(g).

III.
Plaintiffs also allege that the trial court erred in granting a summary judgment in favor of defendants because there were material and genuine issues of fact for determination. We cannot agree that a factual issue necessitating trial was presented. A party is entitled to summary judgment where there are pleadings, affidavits, depositions or admissions on file showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628. Once the moving party affirmatively shows specific facts probative of its right to judgment, it becomes necessary for the non-moving party to set forth facts showing that there is a genuine issue for trial. Durnford v. City of Thornton, Colo.App., 483 P.2d 977. In the case at hand, defendants supported their motion for summary judgment by affidavits and related exhibits bearing directly upon all material allegations of the complaint. Plaintiffs submitted no counter-affidavits or depositions to counteract the affirmative showing made by the city. We therefore affirm the trial court's ruling that no material issue of fact requiring a trial was presented. Terrell v. Walter E. Heller & Co., 165 Colo. 463, 439 P.2d 989; Carter v. Carter, 148 Colo. 495, 366 P.2d 586.
Plaintiffs' further assignments of error are found to be without merit.
Judgment affirmed.
DWYER and SMITH, JJ., concur.