LOUIS W. REIMER ET AL., APPELLANTS, v. CITY OF O'NEILL, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

201 N. W. 2d 706

Filed October 20, 1972. No. 38390.

Richard E. Mueting and Thomas E. Brogan, for appellants.

Norman Gonderinger and Stewart, Calkins, Duxbury & Crawford, for appellees.

Beynon, Hecht & Fahrnbruch and A. Michael Alesio, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The plaintiffs own and operate a trailer court in O'Neill, Nebraska. They commenced this action against the City of O'Neill and its officials to enjoin enforcement of the ordinances prescribing water rates and sewer use charges in O'Neill and to recover alleged overcharges.

The trial court found generally for the defendants and dismissed the action. The plaintiffs appeal.

The controversy centers around the minimum charges imposed by the ordinances in question. Ordinance No. 393A, prescribing water rates, provides a minimum bimonthly charge of $4 per resident consumer for the "First 10,000 gallons used or consumed or fraction thereof." Consumer is defined as follows: "A consumer is an occupant of a single-family residence, an occupant of each unit of a multiple-family residence, apartment house or trailer court, an occupant of a business building, an occupant of one unit of an office building or other building where multiple offices or businesses are located, or a permanent resident of a hotel or motel. Because of the transient nature of occupancy existing in a hotel and motel, each four units or rooms of said hotel or motel not occupied by a permanent resident shall be computed as one consumer."

Ordinance No. 394A provides that the charges for sewer service to residential users shall be as follows:

"A. Single-family Residences. Two Dollars per month.

"B. Multiple RESIDENCES, Apartment Houses and Trailer Courts. Two Dollars per month for each family unit.

"C. Hotels and Motels. Two Dollars per month for

each permanently occupied unit and Two Dollars per month for every four rooms or units available for rental to transients."

The ordinances classify hotels and motels separately from trailer courts so that the minimum charge imposed for each unit of a hotel or motel is one-fourth that imposed on each unit of a trailer court unless the hotel or motel unit is occupied by a permanent resident. The plaintiffs contend that the classification made is unreasonable and arbitrary.

A public utility may classify its users for rate purposes if the classification is reasonable and not unjustly discriminatory. Erickson v. Metropolitan Utilities Dist., 171 Neb. 654, 107 N. W. 2d 324. The classification made in the ordinances in question was based upon the transient nature of the persons usually occupying hotel and motel units. Similar classifications have been held valid in Knotts v. Nollen, 206 Iowa 261, 218 N. W. 563; Lewis v. Mayor & City Council of Cumberland, 189 Md. 58, 54 A. 2d 319; Caldwell v. City of Abilene (Tex. Civ. App.), 260 S. W. 2d 712; and City of Kermit v. Rush (Tex. Civ. App.), 351 S. W. 2d 598. See, also, United States v. American Water-Works Co., 37 F. 747; Thompson v. City of Goldsboro, 151 N. C. 189, 65 S. E. 901. The plaintiffs rely upon two Oregon decisions which reached a contrary result: Kliks v. Dalles City, 216 Ore. 160, 335 P. 2d 366; and Barendse v. Knappa Water Assn. (Ore.), 490 P. 2d 990. We think the better rule is that such a classification is permissible.

The record shows that although apartment houses and trailer courts were classified the same under the ordinances, the City did not make a uniform application of the ordinances to these customers. The water commissioner testified that apartment owners were charged a minimum for each unit whether it was vacant or occupied. The plaintiffs were charged a minimum for each trailer in place when the meters were read without regard to how long it had been there or would

be there. Other trailer courts were given adjustments where trailers were in place for only a part of the billing period.

It apparently was the city's interpretation of the ordinance that such adjustments were required. The ordinance must be applied uniformly to all in the same class. Erickson v. Metropolitan Utilities Dist., *supra*. Ordinance No. 393A refers to "occupants" and the plaintiffs should be allowed a credit in each instance where they were charged the full minimum water rate for a trailer which was not in place during the entire billing period.

That part of the judgment finding the ordinances to be valid is affirmed; that part finding the plaintiffs are not entitled to recover for overcharges is reversed and the cause remanded for further proceedings.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.