**COMMERCIAL INDUSTRIAL CONSTRUCTION, INC.,**
**Plaintiff-Appellant,**

v.

**Orville G. ANDERSON,**
**Defendant-Appellee.**

**No. 82CA1173.**

Colorado Court of Appeals,
Div. III.

May 31, 1984.

Grant, McHendrie, Haines & Crouse, P.C., Charles J. Haines, Jr., Brian A Magoon, Denver, for plaintiff-appellant.

Bailey, Wilson, Wagenhals & Finegan, Leslie A. Alters, Robert B. Bailey, Lakewood, for defendant-appellee.

TURSI, Judge.

Plaintiff, Commercial Industrial Construction, Inc., appeals the trial court's summary judgment in favor of defendant, Orville G. Anderson, pursuant to his motion to dismiss for failure to state a claim upon which relief can be granted. We affirm.

Defendant, an architect, was retained by Farmers Insurance Group (FIG) to supervise a construction project. In August 1980, pursuant to FIG's direction, defendant sent an "Invitation to Bid" to five contractors, one of which was plaintiff. The bid opening was scheduled for September 9, 1980.

Included in the invitation was a statement that FIG "reserves the right to reject all bids, to waive informalities, and to accept any bid deemed desirable." Accompanying the invitation was a two-page form upon which the bids were to be presented. The bid form provided for a base bid, and for two alternative bids. The base bid was to contain the contractor's bid for the entire construction project. The first alternative bid was to contain an upward adjustment to the base bid in the event FIG elected to use stainless steel roofing materials. The second alternative was to contain a downward adjustment to the base bid in the event FIG elected to forego street improvements.

At the bid opening, representatives of the five contractors presented their respective bids. Just prior to the time the bids were opened and read, the representative for one of the bidding contractors, Fischer-White Contractors, stated that there was an error in its bid. The Fischer-White representative did not attempt to correct the bid prior to the opening. As the bids were opened, they were recorded on a bid tally sheet. It was apparent that Fischer-White's bid included errors in the base bid and in alternative two. After an initial adjustment of these errors, it appeared that plaintiff was the low bidder. However, defendant stated he would investigate the Fischer-White error to determine whether corrections in its· bid would be permitted.

Thereafter, defendant met with representatives of FIG. The representatives from FIG were shown the original bid tally sheet, and they stated that the bids were higher than they had anticipated. Nevertheless, the FIG representatives informed defendant that they desired to contract with the lowest bidder. Defendant informed the FIG representatives of the possibility of an additional correctible error in Fischer-White's bid and his intention to investigate the error. The FIG representatives told defendant to proceed.

On September 10, 1980, defendant met with a representative of Fischer-White, and determined that there was an additional correctible error that had been made. Defendant accepted from Fischer-White a revised bid which, after a misallocation of overhead costs was corrected, was $952 lower than plaintiff's bid. Fischer-White's revised bid was back-dated by defendant to September 9, 1980, as was a revised bid tally sheet reflecting the revised bid. Defendant prepared a contract between FIG and Fischer-White and sent it and the bid information to FIG for approval.

Upon learning that it was no longer the low bidder, Darrell Johns, plaintiff's president, sent letters to defendant and FIG protesting the manner in which the bid proceedings had been conducted and threatening litigation if plaintiff was not awarded the contract. After receiving Johns' letter and the documents forwarded by defendant, FIG directed defendant to notify the contractors that all the bids were rejected and that it would negotiate with the individual contractors.

A month later, FIG requested an opinion from defendant regarding the propriety of rejecting all the submitted bids. A legal opinion on this matter was obtained, and defendant advised FIG that it was proper to do so. On November 10, 1980, FIG executed the contract with Fischer-White which defendant had prepared.

Plaintiff filed this action in the trial court on the theory of tortious interference with contractual relations. Defendant filed a motion to dismiss, with supporting affidavit, on the ground that plaintiff had failed to state a claim upon which relief can be granted. C.R.C.P. 12(b)(5). In opposition to defendant's motion, plaintiff submitted the affidavits of Johns and of its representative who had attended the bid opening. In addition, plaintiff submitted the deposition it had taken of defendant.

The trial court found that, at all times, defendant was acting as agent for FIG. Relying on *O.C. Kinney, Inc. v. Paul Hardeman, Inc.*, 151. Colo. 571, 379 P.2d 628 (1963), it reasoned that FIG was privileged to reject all submitted bids, and therefore, the low bidder was not assured of a contract. Thus, it concluded, as a matter of law, that since defendant was acting solely as FIG's agent, he also was privileged, and granted summary judgment dismissing plaintiff's complaint.

The holding of the trial court essentially is premised on the proposition that since an agent's acts are those of the principal, and a principal cannot be held liable for interference with its own prospective contracts, it is legally impossible to maintain an action for tortious interference with contractual relations against an agent acting within the scope of his authority. *Restatement (Second) of Torts* § 766B. *See Dolton v. Capitol Federal Savings & Loan Ass'n*, 642 P.2d 21 (Colo.App.1981).

On appeal, plaintiff, relying on *Restatement (Second) of Torts* §§ 770 and 772 (1979), and *Dolton v. Capitol Federal Savings & Loan Ass'n, supra,* contends that the trial court erred in granting summary judgment to defendant. It argues that there is a question of fact whether defendant made full disclosure to FIG in regard to the Fischer-White bids and, thus, there is a question of fact as to defendant's having acted within the scope of his authority.

## I

■ As a preliminary matter, we disagree with plaintiff's contention that it was improper for the trial court to enter summary judgment upon a motion to dismiss for failure to state a claim upon which relief can be granted. The applicable rule, C.R.C.P. 12(b), provides that if upon a motion to dismiss for failure to state a claim upon which relief can be granted, the trial court considers matters outside the pleadings, the motion shall be treated as one for summary judgment pursuant to C.R.C.P. 56. *Foster Lumber Co., Inc. v. Weston Constructors, Inc.,* 33 Colo.App. 436, 521 P.2d 1294 (1974). In such a procedural posture, the judgment must specifically disclose that there is no genuine issue as to any material fact relating to the adequacy of the complaint. *Van Schaack v. Phipps,* 38 Colo.App. 140, 558 P.2d 581 (1976). Here, the procedural requirements were met.

## II

■ A party is entitled to summary judgment if the pleadings, affidavits, and depositions establish a lack of a genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Fort Collins Motor Homes, Inc. v. Fort Collins,* 30 Colo.App. 445, 496 P.2d 1074 (1972). The burden initially is on the moving party to present specific facts probative of its right to judgment. Once the moving party meets its burden, it becomes incumbent upon the non-moving party to establish that there is a genuine factual issue for trial. *Fort Collins Motor*

*Homes, Inc. v. Fort Collins, supra.* If the non-moving party fails to establish the existence of a genuine issue for trial, summary judgment is appropriate. C.R.C.P. 56(e). *Heller v. First National Bank,* 657 P.2d 992 (Colo.App.1982).

■ In addition, C.R.C.P. 56(e) provides that affidavits supporting or opposing a motion for summary judgment shall be based on personal knowledge. An affidavit which is not based upon the personal knowledge of the affiant shall not be considered by the trial court in determining whether summary judgment is proper. *See National Surety Corp. v. Citizens State Bank,* 651 P.2d 460 (Colo.App.1982); *In re Estate of Abbott,* 39 Colo.App. 536, 571 P.2d 311 (1977).

■ In his affidavit in support of his motion to dismiss, defendant stated that at all times he was acting as agent for FIG, and that the "miscalculated bid was corrected by the bidder and was submitted to the owner with all other bids for their acceptance or rejection." In addition, defendant stated in his affidavit that he was not authorized to accept or reject any of the submitted bids, and that it was solely FIG's decision to reject all bids and eventually to contract with Fischer-White.

In opposition to defendant's motion to dismiss, plaintiff presented the affidavit of Johns. In his affidavit, Johns alleged that defendant submitted to FIG only the revised Fischer-White bid and bid tally sheet, which were back-dated to September 9, 1980. However, this affidavit was based on information and belief, not on personal knowledge of the dealings between FIG and defendant. Therefore, this statement is speculation and not competent to put into issue the question of whether defendant made full disclosure to FIG. Further, defendant's deposition, submitted by plaintiff, fails to raise a question of fact as to whether defendant had made full disclosure to FIG.

## III

■ Finally, plaintiff argues that industry practice for private contract bidding

should apply here. Plaintiff points out that industry practice, as reflected in American Institute of Architects guidelines on competitive bidding, prohibits the acceptance of corrected bids subsequent to the bid opening. This guideline, however, does not override the owner's prerogatives as expressed in *O.C. Kinney, Inc. v. Paul Hardeman, Inc., supra,* and in the invitation to bid.

The judgment is affirmed.

SMITH and METZGER, JJ., concur.