Cheshire,
No. 4228.

GEORGE H. DUNCAN *v.* JAFFREY.

Submitted October 6, 1953.
Decided October 30, 1953.

*Charles W. Tobey, Jr.* for the plaintiff.

*Walter H. Gentsch* and *Upton, Sanders & Upton* for the defendant.

KENISON, C. J. The decision in *Bretton Woods Co.* v. *Carroll,* 84 N. H. 428, is authority for the proposition that an abatement petition is not the proper remedy in a situation of this kind. While the plaintiff might have sought relief by seasonably seeking to enjoin the alleged unconstitutional taxation (*Clough* v. *Verrette,* 79 N. H. 356, 359) this remedy would not now be available because of lapse of time. Since it is understood that the parties seek a determination of the question presented and this is a matter of some public importance to municipalities having capital reserve funds, in accordance with the usual practice, we proceed to the consideration of the merits of the controversy without further attention to the form of the procedure used. *Tirrell* v. *Johnston,* 86 N. H. 530, 532; *Lisbon School District* v. *District,* 96 N. H. 290, 292; *Clapp* v. *Jaffrey,* 97 N. H. 456, 461.

The capital reserve fund statute, Laws 1943, c. 160, as amended and extended by subsequent legislation, was considered in *Leavitt* v. *North Hampton,* 98 N. H. 193, but its constitutionality was not questioned in that case. The purpose of the statute was to enable municipalities to use surplus money and annual appropriations for specific capital improvements at a future date. The plaintiff claims that a public capital improvement can be financed by borrowing but a town cannot set aside money each year for the

same purpose. His argument is stated as follows: "It is true that public capital improvements can be financed by bond issue so that, over a limited period of years, the residents of a community pay for such an improvement. However, in such cases, the capital improvement is constructed in the beginning, and those paying for the improvement each year have the opportunity to receive the benefits of such capital improvement. In the case of the creation of a capital reserve fund, the taxpayer may be required to pay his share thereof for many years, and may never receive the benefit of a proposed building project. Accordingly, his annual tax payments, over a period of years, would not be his share of the cost of government." No authority is cited for this statement and we have discovered none. Inasmuch as Pt. I, *Art.* 36 of our Constitution recognizes economy as "a most essential virtue" and economy in local government is a proper public purpose (*Opinion of the Justices*, 88 N. H. 500, 508), it cannot be said that the capital reserve fund act is without constitutional basis. There is nothing in the statutes regulating the powers of cities and towns which prevents a municipality from operating under a "pay as you go" policy.

Pt. I, Article 12 of the State Constitution provides that every member of the community is entitled to governmental protection and therefore is "bound to contribute his share in the expense of such protection." The plaintiff argues that this provision precludes a municipality from taxing a member of the community for a public project from which he does not receive a benefit or a like benefit compared with other members of the community. Specifically since the plaintiff has no children of school age and may never receive any direct benefit from the proposed building of either a town hall or a school due to his age, it is urged that he is required to contribute more than his just share. A school tax seldom bears a direct relationship to the benefits received by each taxpayer and this is particularly true in the case of corporations, nonresidents and childless taxpayers. *Morton Salt Co.* v. *South Hutchinson*, 177 F. (2d) 889. It has long been recognized in this state that equality in taxation involves some practical inequities. *Keene* v. *Roxbury*, 81 N. H. 332, 338. Absolute mathematical equality is not obtainable in all respects if taxation is to be administered in a practical way. *Fogg* v. *Board of Education*, 76 N. H. 296, 299. "Taxes must be proportionally assessed on persons and property; but there is no constitutional provision that money raised by taxation must be appropriated in such a manner that the

several taxpayers, or districts of taxpayers, will be directly benefited in proportion to the amount of their taxes. Such a provision, if it existed, could not be executed." *School District* v. *Prentiss,* 66 N. H. 145, 146. Since it is impossible to determine the legality of a tax by its direct benefits to each individual taxpayer, the plaintiff cannot complain because the capital reserve fund act will not benefit him in the same degree as other taxpayers. See *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63.

The proposition that a tax for school purposes may be constitutional although it fails to benefit a particular taxpayer is not peculiar to this jurisdiction. Cooley in his treatise on the Law of Taxation, volume 1, section 89, has summarized the general rule throughout the country as follows: "However, it is almost unanimously held that it is no defense to the collection of a tax for a special purpose that a person liable for the tax is not benefited by the expenditure of the proceeds of the tax or not as much benefited as others. For instance, every citizen is bound to pay his proportion of a school tax although he has no children, or is not a resident, and this also applies to corporations; of a police or fire tax, although he has no buildings or personal property; or of a road tax although he never used the road. In other words, a general tax cannot be dissected to show that, as to certain constituent parts, the taxpayer receives no benefits. So property within the limits of a municipality is subject to local taxation although it derives little or no benefit from the municipal government. This rule is often applied to the taxation for special purposes of agricultural lands situated within the corporate limits of cities."

In view of our own decisions and the general rule elsewhere we conclude that the capital reserve fund act is a constitutional exercise of the legislative power generally as applied to municipalities and particularly as applied to the plaintiff.

*Case discharged.*

DUNCAN, J. concurred in the result; the others concurred.