Merrimack
No. 7835

WILLIAM T. ANDREWS

v.

TOWN OF NEW LONDON

September 30, 1977

*William T. Andrews*, of New London, by brief and orally, pro se.

*Upton, Sanders & Smith*, of Concord (*Mr. Richard F. Upton* orally), for the defendant.

GRIMES, J. This case arises out of a petition to abate certain sewer charges assessed against plaintiff for the years 1970 and 1971. After a hearing, the Master (*Leonard C. Hardwick*, Esq.) recommended that the petition be dismissed. The recommendation

was approved and plaintiff's exceptions were transferred by *Batchelder*, J.

Plaintiff is the owner of a building in New London containing six separate apartments which are rented to tenants and one office which is occupied by the plaintiff. The building is served by a sewer line operated by the town and a water line operated by a special village district, the New London Water System Precinct. The Water Precinct has installed water meters in commercial establishments and apartment houses but not in private residential homes.

The rates established by the town for sewer charges divide buildings into four (4) classes: (a) residential with the rate based on dwelling units plus occupants, (b) commercial with a rate based on nondwelling units plus occupants, (c) special class for hotels, motels, boarding houses, inns, restaurants, *etc.*, with a rate based on water consumption and (d) private boarding schools with the rate based on persons in residence.

Plaintiff's property is classified as residential and each apartment is considered a residential unit. He was charged therefore for each unit $30 plus $6 for each additional occupant after the first for the year 1970 and $40 "plus" $8 for each additional occupant for the year 1971. Plaintiff contends that because he has a water meter he should be charged on the basis of the water consumed which would result in a lesser charge. He points to the fact that he is asked to pay substantially more than if he were in the special class with hotels and paid on the basis of water consumption. He also argues that if his building is to be classed as residential property, it should be considered as one unit rather than having each apartment considered a separate unit.

RSA 252:10 in 1970 authorized charges for sewer use based on (a) metered consumption of water; (b) the number and kind of plumbing fixtures; (c) the number of persons served or (d) any other equitable basis. RSA 252:10 (Supp. 1971) in effect in 1971 eliminated (b).

■■ We hold that the classification of each apartment as a residential dwelling unit is reasonable and has been upheld elsewhere. *Caldwell v. City of Abilene,* 260 S.W.2d 712 (Tex. Civ. App. 1953). The more-or-less permanent nature of the occupancy and use within each unit differs from that of a hotel or motel. The rate based on $30 or $40 for the first occupant and $6 or $8 for each additional occupant falls within the authorization of the

statute as it is based on the number of persons and is also an equitable basis. The greater charge for the first person is justified because of the basic cost of making the service available which would not otherwise be met.

■■ The residential rate not based on water usage is reasonable, especially in this case where meters which are not under the control of the town are not ordinarily placed in residences. The fact that plaintiff has a meter does not require that his property be charged on the basis of water usage. To do so would treat his property differently from other residential units. All those within the residential class are treated the same and there is a reasonable basis for the various classes. The fact that absolute mathematical equality is not achieved does not render the system invalid. *See Duncan v. Jaffrey*, 98 N.H. 305, 100 A.2d 163 (1953). We hold that the master's conclusion that plaintiff has failed to meet his burden of proof that the fee charged to him is unlawful, unreasonable, or discriminatory is supported by the record and that dismissal of the petition was proper.

*Exceptions overruled.*

All concurred.