Grafton
No. 2001-308

DAVID MCGRATH

v.

TOWN OF CANAAN

Submitted: February 22, 2002
Opinion Issued: April 18, 2002

*Hughes, Smith & Yazinski, LLP,* of Lebanon (*Daniel G. Smith* on the brief), for the plaintiff.

*Mitchell & Bates, P.A.,* of Laconia (*Timothy Bates* on the brief), for the defendant.

DALIANIS, J. The plaintiff, David McGrath, appeals from the order of the Superior Court (*Smith,* J.) denying his petition for a declaration that: (1) the water and sewer rates and availability charge of the defendant, the Town of Canaan, violate State statutes and the town's water ordinance; and (2) the town has failed to comply with State statutory water and sewer system reporting requirements. We affirm.

The relevant facts follow. The plaintiff owns a building used for storage on a small tract of land in the town of Canaan. His property has been connected to the town's water and sewer mains since 1995. He was billed the minimum charge for water and sewer service, which he objected to paying on the ground that the charge was unfair and excessive. In June 1998, the town discontinued his water and sewer service, and has since billed him the quarterly availability charge of $20.00.

The town's base fee per quarter for water is $48.00 and its base fee per quarter for sewer is $90.00. This minimum fee covers water consumption up to 12,000 gallons per quarter. According to the town's water ordinance, 12,000 gallons per quarter is the maximum amount of water and/or wastewater the residents of a typical single-family home in Canaan would use and discharge during a calendar quarter. The town's water and sewer systems serve approximately 191 properties. Approximately 180 properties receive water and/or sewer service and are thus subject to the minimum quarterly fee. Approximately eleven properties are physically connected to the town's water and sewer system but receive no service, and are therefore charged only the $20.00 per quarter availability charge.

We will not disturb a trial court's dismissal of a petition for declaratory judgment unless its decision is an unsustainable exercise of discretion, or is unsupported by the evidence or legally erroneous. *See Town of Littleton v. Taylor,* 138 N.H. 419, 421 (1994); *cf. State v. Lambert,* 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

Water rates are governed by RSA chapter 38. RSA 38:27 (2000) permits towns to "assess upon the persons who are served by the water system, or whose lands receive special benefit from the water system, their just share of the expense of constructing, acquiring, and operating the system or paying any capital debt or interest incurred for the system." RSA 38:28 (2000) also permits towns to establish water rates to help defray the costs of "acquisition, construction, payment of the interest on any debt incurred, management, maintenance, operation, and repair of water systems" or the

improvement thereof. Water rates may be based upon consumption of water on the premises, number of people served on the premises, or "upon some other equitable basis." *Id.* RSA chapter 149-I contains comparable statutes pertaining to sewer rates. *See* RSA 149-I:7-:8 (1996).

■ The plaintiff first argues that the town's minimum water and sewer rates violate these State statutes because they are inequitable. The trial court ruled that, in light of the unusually small number of properties served by the town's water and sewer systems, the minimum rates "help[] to maintain rate stability and insure[] that everyone who benefits from the system helps to defray the fixed costs of delivering the product that do not vary with the level of individual consumption." This ruling is supported by the evidence. We similarly uphold the trial court's finding that the $20.00 per quarter availability charge is just, as this finding is also supported by the evidence. *See Andrews v. Town of New London*, 117 N.H. 747, 749 (1977) ("absolute mathematical equality" not required).

■ The plaintiff's assertion that equitable rates must be based upon use is belied by the plain language of the statutes themselves, which permit rates to be based upon "some other equitable basis." *See id.* (holding that residential rate not based upon water usage is reasonable). His reliance upon *Concord Steam Corp. v. City of Concord*, 128 N.H. 724 (1986), is misplaced, as that case concerned an industrial, and not a residential, user of sewer services. *See* RSA 149-I:8 (noting an exception for institutional, industrial or manufacturing use).

■ ■ The plaintiff next asserts that the minimum rates violate the town's water ordinance because they are used to support operating expenses in addition to administrative costs. We disagree. The stated purpose of the town's water ordinance is to assess "each lot owner for his or her fair share of the operating and applicable capital costs of the Canaan Water System." WATER ORDINANCES FOR THE TOWN OF CANAAN art. 1 (1998). The use of the minimum rates to support operating expenses is consistent with this purpose. The minimum rates are also consistent with article 6, section 4 of the ordinance, which permits the water department to bill each customer a "minimum charge, regardless of actual usage," which "compensates the Department for the costs associated with servicing a customer account." We disagree with the plaintiff that article 6, section 4 of the ordinance permits recovery of administrative expenses only. Given the overall purpose of the ordinance, we believe that the "costs associated with servicing a customer account" may include operating expenses as well as administrative costs.

■ Finally, the plaintiff contends that the town failed to comply with the reporting requirements of RSA 38:21 (2000) and RSA 149-I:25 (1996). The plaintiff asserts that these statutes require the town to publish a narrative report regarding the financial condition of its water and sewer departments. We disagree. RSA 38:21 and RSA 149-I:25 state, in pertinent part, that the commissioners shall annually "make a report to the municipality of the condition of the plant financially and otherwise, showing the funds of the department, the [department's] expenses and income . . . , and all other material facts. This report shall be published in the annual report of the municipality." Nothing in these statutes requires that the commissioners' reports be narrative. The reports of the commissioners that have been published in the town's annual reports satisfy the statutory requirement.

Because we agree with the trial court that the plaintiff has not prevailed on his claim, we do not address his argument that he was entitled to prevailing party attorney's fees. We also do not address his argument that the town's water and sewer rates violate federal law because this claim was not part of his declaratory judgment petition. We decline to consider this claim for the first time on appeal. *See Federal Bake Shop v. Farmington Cas. Co.*, 144 N.H. 40, 43 (1999).

*Affirmed.*

BROCK, C.J., and NADEAU and DUGGAN, JJ., concurred.